Simou, J.
delivered the opinion of the court.
A rule having been taken upon the judge of the commercial court to show cause why a mandamus should not issue, ordering him to allow a suspensive appeal in the case of Garretson v. His creditors, said judge made the following return:
“ That H. Garretson, as syndic of his own creditors, the 29th of August, 1840, filed a provisional tableau of distribution; that an opposition thereto was filed by N. Hoey, a creditor, for rent to the amount of $1500; claiming a privilege over all other creditors on the property in the store, which was leased to said Garretson.”
[435] “ That on the 28th November, 1840, a judgment was given reforming the tableau, and according to the opponent the privilege claimed by him; that on the 8th day of December, 1840, said Garretson filed a petition, praying a suspensive appeal and offering Harris Lyons as security; that on the 11th of December, N. Hoey took a rule to show cause why the appeal should not be set aside for the insufficiency of the security; and the appellant not justifying his security the order was made accordingly. This decision was made in accordance with the case of the State v. Judge Buchanan, 13 La. Reports.”
The proceedings had before the commercial judge on the rule to show cause, alluded to in his return, have not been laid before us, and we are thorefoie totally ignorant of the course which has been pursued below; but supposing it to be in our power to detex’mine on the sufficiency of the surety offered, which, according to the 573d article of the Code of Practice, is left to the determination of the judge a quo, and in the words of the article 575, ought to be good and solvent, we have not had any means of inquiring into the facts, and of ascertaining the reasons which may have led the lower court to reject the security offered by the appellant.
■Whatever proceedings may have been had below, on the trial of the opposition made by the appellee to the sufficiency of the sux-ety named in the appeal bond, we must presume that the inferior judge acted correctly; and this case being exactly similar to the one referred to by the judge of the commercial court in. his return, 13 La. Rep. 574, must be governed by *265 the rule therein established, which is: that if the surety given be not good and solvent, the appeal must be set aside, and the appellee allowed to issue his execution.
^The rule is therefore discharged.