### Angeline G. Moore v. Charles Olin.

The Supreme Court has no power to require an appellant in chancery to give a new or further appeal bond, in addition to the one approved by the circuit court commissioner, and which is alleged to be insufficient.

*Heard May 17th. Decided May 18th.*

Appeal from Calhoun Circuit in Chancery.

*G. V. N. Lothrop,* for appellee, moved that the appellant be required to file a further appeal bond in such penalty as should be fixed by the Court. He claimed that an examination of the record would show the penalty of the bond given, and which had been approved by the commissioner, entirely insufficient to secure the performance of the decree rendered in the case, if it should be affirmed.

*C. I. Walker,* for appellant, objected that the Court has no power over the subject. The giving of a bond, to be approved by the commissioner is a jurisdictional fact. It is the condition which the statute has prescribed to the appeal. When the bond is given and approved, the appeal is perfected under the statute, and the Court can not impose additional conditions.

THE CHIEF JUSTICE:

This Court has no jurisdiction over the subject of this motion. The statute (§ 3597, *Comp. L.*) requires the party claiming an appeal in chancery to execute a bond conditioned to perform the decree of this Court, &c. The penalty of

MOORE *v.* OLIN.

this bond is to be fixed, and the sureties approved, by a judge or circuit court commissioner. The power vested in these officers is exclusive; and to entertain this motion, or any other of a kindred nature, would be, in reality, the exercise of an appellate jurisdiction not vested in the Court. If the bond were solely to secure the payment of costs, the rule might be different, for courts may have power over this subject independent of statutory provisions.

However desirable it may be that the power should be vested in this Court to review the judgment of the officer fixing the penalty of the bond and approving the sureties, we can not exercise such a power without legislation authorizing it.

*Motion denied.*