HORACE J. PERRIN v. LOYAL C. KELLOGG ET AL.

*Retrospective Statutes—Additional Bonds in Chancery Appeals—Act 13 of 1877.*

Statutes can apply to future transactions only, unless they are expressly given effect on previous transactions, or unless some of their terms cannot be met otherwise.

Act 13 of 1877 providing (1) that there shall be notice and a hearing of motions for the approval of appeal bonds in chancery cases; (2) that the circuit judge may order an additional bond on proper showing; and (3) that the Supreme Court or the circuit judge shall have power to order an additional bond, does not give the Supreme Court power to interfere in appeals perfected before the act took effect. The second proviso applies to cases in which the appeal is not yet perfected, and the third to cases at a later stage.

Appeal from Calhoun. Motion for additional bond under Act 13 of 1877. Submitted October 9. Decided October 10.

*W. D. Adams* and *G. V. N. Lothrop* for the motion.

*E. S. Roos* and *G. M. Buck* against.

PER CURIAM. In this case an appeal in chancery was taken and fully perfected previous to the amendment to the statute regulating the taking of appeals which was made in 1877 and took effect August 21. The amendment gave to the circuit and Supreme Court the power to order an additional bond in appeal cases—a power not before possessed—and the appellee moves for such a bond in this case. The principal question is whether the amendment has in view cases which were appealed previous to its passage. We shall not enter here upon the question of the legislative power to make the new provisions apply to existing appeals: assuming that, we treat the question as one of intent merely.

As the right of appeal had been fully exercised, if the new provisions apply to the case they are to a certain extent retrospective, because they enable the court to impose conditions on the exercise of the right, notwithstanding it was perfected before; and we think the case is within the general principle requiring statutes to be applied to future transactions only unless in their express words they are given effect upon transactions previously had, or unless some of their terms cannot otherwise be answered. It is urged by the appellee that the latter is the case here; that the provisos of the section as it stands amended cannot all be answered if applied to future appeals only.

The section is given in the margin,* and in our view the difficulty is not apparent. The first proviso it is clear can only apply to appeals in the future, and it is doubtful if the second can go further. But it is said the third is unnecessary if only future appeals are in view, as the second covers the same ground. We think otherwise. The second proviso has in view cases in which the appeal is not yet perfected, and the third applies to the case in later stages.

Our conclusion is that the Legislature by this amendment has not given us power to interfere in appeals already perfected before the new provisions took effect.

---

* (5180.) SEC. 144. Such appeal shall be claimed by a written claim, delivered or transmitted within forty days from entry of such decree or final order, to the register of the court where such decree or order was entered, which said register shall make entry of, and the appellant shall, within said forty days, file with said register a bond to the appellee or appellees, with sufficient sureties, approved by a circuit judge or circuit court commissioner of said county, and with such penalty as such judge or commissioner shall approve, conditioned for the performance or satisfaction of the decree or final order of the Supreme Court in the cause, and payment of all costs of the appellee or appellees in the matter of appeal: *Provided*, That the motion for such approval shall be on a notice of six days, to the appellee or appellees, said notice to contain the penalty and the names of the sureties of the proposed bond; and on the hearing of such motion such appellee or appellees shall be heard as to the sufficiency of the penalty named and the pecuniary responsibility of the sureties proposed to such bond: *And provided further*, That in case of such motion being before a circuit court commissioner, the circuit court or the judge at chambers of the court in which such decree or final order is entered may, on special motion, order an additional bond and fix the penalty thereof and approve the sureties thereto on proper showing: *And provided further*, That the Supreme Court, or the circuit judge of the county where such decree or final order was made, shall, on special motion, and such proper showing, have power, after such appeal is perfected, to order an additional bond, and to fix the penalty thereof, and approve the sureties thereto, or to refer such approval to a circuit court commissioner of the county in which the cause shall have been pending.