ANTON PULTE v. ELIZABETH GELLER.

*Debtors and creditors—Conveyance from husband to wife—Homestead interest—Consideration—Fraud.*

A conveyance by husband to wife of lots not exceeding in value the statutory homestead *sustained* against a creditor, though the consideration, but for the homestead right, would have been inadequate.

Where a final agreement on a valuable. consideration is made to convey lands, and it is carried into effect subsequently by the giving of a deed, the consideration for the agreement is to be deemed the consideration for the deed, and if sufficient will support it.

On the facts of this case fraud in a conveyance by husband to wife is *held* not established.

Appeal from Wayne. Submitted Jan. 13. Decided Jan. 25.

BILL in aid of execution. Defendant appeals. Reversed ; bill dismissed.

*Ed. E. Kane* for complainant. An insolvent debtor's appropriation of his property to the support of his family is fraudulent as against creditors: *Fellows v. Smith* 40 Mich. 690; *Matson v. Melchor* 42 Mich. 480; *Jordan v. White* 38 Mich. 256; *Doak v. Runyan* 33 Mich. 75; *Beach v. White* Walk. Ch. 499; *Wright v. Wright* 31 Mich. 380; *Pursel v. Armstrong* 37 Mich. 330; Bump on Fraudulent Conveyances, 82; *Hungerford v. Earle* 2 Vern. 261; *Sands v. Hildreth* 2 Johns. Ch. 35: 14 Johns. 493; *Hildeburn v. Brown* 17 B. Mon. 779; *Tarback v. Marbury* 2 Vern. 510; *Scrivenor v. Scrivenor* 7 B. Mon. 374; *Pashby v. Mandigo* 42 Mich. 172.

*Cook & Daboll* for defendant. Release of dower and homestead rights are a good consideration for a deed from a husband to the wife: *Bullard v. Briggs* 7 Pick. 533; *Allen v. Antisdale* 38 Mich. 229; *Brigham v. Fawcett* 42 Mich. 542; Bump on Fraudulent Conveyances 317; and if dower is released in reliance on the transfer the deed may be subsequent: *College v. Powell* 12 Grat. 372.

COOLEY, J. This is a bill in aid of an execution. The complainant is a judgment creditor of Peter Geller, the husband of the defendant, and the purpose of the suit is to reach certain real estate which Peter Geller has conveyed to her.

The facts appear to be that Peter Geller has for many years been a retail dealer in groceries in a small way, and

as such has made purchases from complainant and incurred indebtedness to him. In March, 1878, this indebtedness amounted to $7000, and complainant held a mortgage on lots on Gratiot street in Detroit to secure its payment. In that month an arrangement was made that Peter Geller and the defendant should unite in a deed to complainant of those lots in satisfaction of the indebtedness, and that complainant should deed to Peter certain lots on Arndt street for the estimated difference between the amount of the debt and the value of the Gratiot-street lots. This arrangement was carried out. In February, 1879, the Arndt-street lots were conveyed to defendant. Their value we judge does not exceed fifteen hundred dollars.

Before this arrangement was made Peter Geller had failed in health, and his business had become insignificant. He was owing complainant a small sum which accrued after satisfaction of the mortgage, and which was put in judgment in February, 1879, before a justice of the peace. This judgment still remains unpaid, and complainant seeks to enforce it against the Arndt-street lots. He alleges that the conveyance of those lots by Peter Geller to his wife was without consideration and was made for the purpose of defeating the collection of this judgment. On the other hand the defendant claims that the lots were conveyed to her in pursuance of an understanding that she should have them in consideration of her uniting in the deed to complainant and thereby releasing her contingent right of dower in the lots on Gratiot street.

The complainant has deemed it necessary in attempting to make out his case, to call defendant and her husband as witnesses. Their evidence is made the subject of very careful examination and ingenious criticism by the counsel for the complainant, and if the complainant had a *prima facie* case without it, possibly we should be compelled to hold that it had not been sufficiently met. But the complainant needed this evidence for his own case, and as affirmative evidence we do not think it aids him.

There would have been nothing unreasonable in such an arrangement as defendant sets up in her answer. The value

of the lots conveyed to her did not exceed the value Peter Geller had a right to hold, exempt from execution, as a homestead, and it would have been easy for him, in strict compliance with the law, to put that amount of property beyond the reach of his creditors. Putting it in his wife's name, therefore, we may well believe, contemplated a fraud upon no one. But it was also the natural thing for him to do. Her health and probability of life were much better than his, and they had several children, the care of whom was likely soon to fall to her. When therefore she testifies to an understanding that the Arndt-street lots should be deeded to her if she signed the deed of the lots on Gratiot street, we can see enough in the circumstances to render such an arrangement probable. It is true that the transaction as it is explained to us, did not assume a very business-like appearance, but the parties are illiterate and the husband for other reasons nearly unfit for business, and it would be unjust to apply to their dealings the same criticism that would be applied if they were more competent and were bargaining as strangers. Had the Arndt-street lots been conveyed directly to the defendant, the transaction would have been more business-like, but the fact that the deed was made to Peter Geller only goes to show that they did not take complainant into their confidence. There was no particular reason why they should except as it would have saved the making of one deed.

It is urged that the consideration for the deed to defendant was grossly inadequate, since she was obtaining for the release of her dower all that the interest of herself and her husband in the Gratiot-street lots was estimated to be worth. This is true; and it might be conclusive if no right to a homestead had existed. That right is not to be ignored when the *bona fides* of such a transaction is in question. *Rosenthal v. Scott* 41 Mich. 632. It is also said that the understanding between Peter Geller and his wife, as they testify to it, was void under the statute of frauds, and could not support the subsequent conveyance. *Wood v. Savage* 2 Doug. (Mich.) 316 is relied upon as authority to that

point.   The decision in that case was that a parol *ante-nuptial* contract would not support, as against creditors, a *postnuptial* settlement.    The judgment reversed the decision of the chancellor reported in Walker's Chancery 471, and no occasion has since arisen for reviewing it.    But in a case like the present the conveyance is not deemed to be made in consideration of the previous parol contract, but in consideration of that for which the parol promise was made.    If that would have been sufficient then, it was sufficient when the deed was made.

It was shown in the case that when Geller deeded to defendant she executed a deed of the same lots back to him. That deed was not delivered, and its execution is explained as being intended as a provision for the contingency of the wife dying first, in which case the husband was to have the lots.    The fact of its execution has no significance in this case.

We think complainant failed to make out his case.    The decree must be reversed, and the bill dismissed with costs of both courts.

The other Justices concurred.