Martin vs. Langenstein.

## No. 10,844.

### R. MARTIN vs. JACOB LANGENSTEIN.

Sales for taxes due by property assessed for years *anterior* to the Constitution of 1879, are regulated by the miscellaneous ordinance, on the subject, appended next to Article 268, and by the Acts of 1882 and 1884.

Sales for taxes *subsequent* thereto, come within the purview and provisions of Article 210 of the Constitution, which requires emphatically a *notice, other than by publication,* to the delinquent tax debtor and statutes in furtherance.

The law does not require, to perfect a tax title, that the divested owner shall voluntarily place the purchaser in possession, or that the purchaser shall, in the absence of resistance, institute judicial proceedings and be put in possession by the sheriff. The purchaser may enter when there is no difficulty.

The ruling in Breaux vs. Negrotto, recently decided, applies to sales for taxes, *since* the Constitution and those in the Lake and Douglass cases refer to sales for taxes, *previous* to the Constitution, touching which notice by publication suffices.

Martin vs. Langenstein.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Jos. H. & Zach. Spearing* for Plaintiff and Appellee:

1. Deeds of sale under Act 82 of 1884, have been recognized by this court, as valid titles to real estate, and this is especially so where it is shown that the owner was alive during the years for the taxes of which the property was sold. In *re* Lake, 40 An. 143; in *re* Douglas, 41 An. 766.

2. The only defense herein set up and the only objection made to the title by defendant, is that the former owner did not receive the notice required by law. This was the only objection to plaintiff's title and is the only issue plaintiff is called upon to meet.

   The property was sold to enforce payment of taxes for 1871 to 1878 inclusive, which were assessed under Act 68 of 1870, Ex. Sess., p. 126; Act 42 of 1871, p. 104; and Act 69 of 1877, Ex. Sess., p. 136; and under these acts the former owner, E. Burthe, in whose name the property was assessed for all of said years and who was alive during all those years, received all manner and kind of notices, personal and by publication. See Act 68 of 1870, Ex. Sess , p. 126; Secs. 45, 46, 56, 57, 65, 66 and 67; Act No. 42 of 1871, p. 104, Secs. 23, 40, 45, 55, 57, 66, 67 and 68; and Act 96 of 1877, p. 136, Ex. Sess., Secs. 28, 29, 33, 36, 53, 84, 87, 88, 90 and 97.

   Officials are presumed to have done their duty until this presumption is overcome by some sort of evidence.

3. Plaintiff having been in physical and undisputed possession of the property since October, 1885, and the same having been assessed in his name for 1886 to date, all actions to annul the said sale to him are prescribed by the prescriptions of three and five years. Villey vs. Jarreau, 33 An. 291; Barrow vs. Wilson, 39 An. 404; McDougal vs. Monlezun, 39 An. 1005; Breaux vs. Negrotto (recently decided), Act 105, Sec. 5, of 1874.

*Henry P. Dart* for Defendant and Appellant:

The opinion of the court was delivered by

BERMUDEZ, C. J. The object of this suit is to compel the defendant to accept the title offered him, to property which he had agreed to buy, and which he declined because it is not good and valid.

The property was purchased by the plaintiff, at a tax sale by the Collector, on the 10th of July, 1885, for taxes of 1871 to 1878 inclusive, under the provisions of Act 82 of 1884.

The deed was delivered to him on the 30th of September, 1885, and registered in the conveyance office same day.

Since then, the plaintiff has been in the undisturbed possession of the property, which has been assessed in his name each year, and he has paid the State and city taxes due thereon.

The property, previous to the sale, had been assessed in the name of *E. Burthe* from 1870 to 1879.

The objections to the title are (1) that the former owner has not voluntarily yielded possession to plaintiff, and that, in default, the sheriff, under proper proceedings, did not put plaintiff in possesion; (2) that the former owner has not been notified, as the Constitution requires.

In relation to the *first* objection, it is enough to say, that the law never contemplated that the title of a purchaser of property, at a tax sale, could be forfeited *only* if the divested owner voluntarily yielded him possession; or, that, in the absence of such, the purchaser should invoke the powers of the judiciary to be put in possession, and should enter the property.

The law does not require vain things. Purchasers might have to wait quite long, if they were made to depend upon the willingness of expropriated owners to place them in possession, and they are not required, where no resistance is offered, to institute judicial proceedings, and to have the executive of the court, by force, to put them in possession, where there is no necessity for it. They have the right to take possession themselves, whenever they can do so without difficulty.

In relation to the *second* objection, it is apparent that it is groundless.

The defendant misconstrues the ruling in the case of Breaux vs. Negrotto, recently decided, which presented the feature of a tax sale, for taxes due *since* the adoption of the present Constitution, Article 210 of which requires that *notice* be given, otherwise than by publication, to the delinquent tax debtor.

It has no application to a case, like the instant one, in which the sale was made to satisfy taxes, *anterior* to the adoption of the Constitution, and which is controlled by the decisions in the Lake and Douglas suits (40 An. 143; 41 An. 766), which relate to like sales, for similar taxes.

In the Breaux case we declared that the act of 1888, which dispensed with notice required by Act 210, could not do so, and we explained and regulated the decision in Barrow vs. Wilson, 39 An. 404.

The presumption is that the previous owner was notified, as required by the acts of 1882, and there is nothing to show the reverse.

Judgment affirmed.