WILLIAMS, APPELLANT, v. WILLIAMS, APPELLEE.

NEW APPEAL BOND.
When it is made to appear that the surety upon an appeal bond has become insufficient, the court having jurisdiction of the appeal may order the giving of a new bond with sufficient surety as a condition to the maintenance of the appeal, and, in default of compliance with such order, may dismiss the appeal.

*Appeal from the District Court of Arapahoe County.*

MOTION for new appeal bond, and in default thereof to dismiss appeal. The provision of the code referred to in the opinion is as follows:

"Sec. 388. Appeals to the supreme court from the district,

county and superior courts shall be allowed, * * * *provided,* The party praying for such appeal shall by himself, or agent, or attorney, give bond with a sufficient surety, to be approved by the court from which the appeal is taken (or the clerk thereof, when the order granting such appeal may so direct) and file in the office of the clerk of the court from which the appeal is taken within the time limited by the court, which bond shall be in a reasonable sum sufficient to cover the amount of the judgment appealed from, and costs, conditioned for the payment of the judgment, cost, interest and damages, in case the judgment shall be affirmed, and also for the due prosecution of the appeal; and the obligee in such bond may, at any time, on a breach of the condition thereof, have and maintain an action at law, as on other bonds. The supreme court may in its discretion allow defective appeal bonds to be amended."

Messrs. MORRISON, DE SOTO & MACON, for appellant.

Messrs. LIPSCOMB & HODGES, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Appellee moves for an order requiring appellant to give a new appeal bond on the ground that the sole surety on the original bond has become insolvent so that the bond is no longer adequate security for the judgment appealed from; and asks that in default of giving such further bond the appeal be dismissed. The motion is supported by affidavits setting forth facts showing that the surety has become insolvent since the original bond was accepted. The affidavits are not controverted.

Counsel for appellant contend that this court is powerless to require a further bond as a condition to the maintenance of the appeal. The contention is, that when an appeal has been perfected by the giving of an appeal bond, in due form,

and with sufficient and approved surety, the power of this court in respect to such bonds is exhausted.

Section 388 of the Code requires, as a condition to the allowance of an appeal, that appellant or his representative shall "give bond with a sufficient surety." The sufficiency of the surety is to be determined by the trial court or its clerk in the first instance, but when the appeal is perfected, the jurisdiction of the lower court ceases, and the appellate court is invested with the necessary jurisdiction to protect the rights of all parties to the appeal by allowing, or requiring, further appeal bonds. The purpose of the bond with sufficient surety is to indemnify appellee in case his judgment shall be affirmed. It is manifest that such purpose would fail if appellee were not permitted to insist upon the continuance of such security until the determination of the appeal. Hence, when it is made to appear that the surety has become insufficient, the court having jurisdiction of the appeal may order the giving of a new bond with sufficient surety as a condition to the maintenance of the appeal, and, in default of compliance with such order, may dismiss the appeal. The statutory provision that " the supreme court may allow defective appeal bonds to be amended " was not intended to limit the power of the appellate court to mere defects of form. These views are in accordance with the current of authority, and the uniform practice of this court. Elliott on Appellate Procedure, §§ 366, 367 ; *Jerome v. McCarter*, 21 Wall. (U. S.) 17 ; *Ruschaupt v. Carpenter*, 63 Ind. 359.

Appellant will be required to give a new appeal bond conditioned according to law, in the amount heretofore required, and with surety or sureties to be approved by the clerk of this court, within thirty days from this date. In default of compliance with this order, the appeal herein will stand dismissed.

*Motion granted.*