LYSANDER W. TULLEYS, APPELLANT, V. CHARLES B. KELLER ET AL., APPELLEES.

FILED NOVEMBER 20, 1894.        No. 7240.

Supersedeas: APPEAL: ORDER TO REQUIRE ADDITIONAL BOND. Where it is shown that a supersedeas bond is entirely inadequate in amount, a sufficient bond may be required of the appellant as a condition necessary to the continuance of a stay of proceedings.

MOTION by appellees to require appellant to give additional supersedeas bond pending appeal from a decree of the district court for Douglas county. *Motion sustained.*

*Charles B. Keller,* for the motion.

*Breckenridge & Breckenridge, contra.*

RYAN, C.

Plaintiff Lysander W. Tulleys filed in the district court of Douglas county his petition which contained averments that plaintiff was then a resident of Iowa; that of the defendants, Keller and Weldon were residents of Nebraska; that the Anglo-American Mortgage & Trust Company, organized as an Iowa corporation, had subsequently become a domestic corporation in Nebraska; that the firm of Burnham, Tulleys & Co., of which plaintiff had been a member, had been engaged in placing loans on real estate, its outstanding loans aggregating on June 1, 1888, several million dollars in amount; that the mortgages securing loans made by Burnham, Tulleys & Co. were made to plaintiff as trustee; that the profits of this loan business were represented by mortgages made subject to those for the loan in each instance consummated; that about June 1, 1888, the Anglo-American Mortgage & Trust Company was organized in Iowa, succeeding to the business of Burnham, Tulleys & Co., which from thenceforward existed only for the purpose of settling up their business and collecting outstanding dues; that thereafter plaintiff, as trustee, was named in such mortgages as secured loans made by the Anglo-American Mortgage & Trust Company. There were other averments of the petition which it is not now deemed necessary to quote or describe. The prayer of the petition was that C. B. Keller, as attorney, be enjoined from interfering further in the management of the business which plaintiff claimed should be managed only by attorneys for Burnham, Tulleys & Co. The prayer was also that the Anglo-American Mortgage & Trust Company be restrained from the use of the name of plaintiff and from the use of the name of Burnham, Tulleys & Co.

in any manner or form. There was filed an answer by the Anglo-American Mortgage & Trust Company which contained a cross-petition, in which it was alleged that when said company was incorporated it purchased all the interests of Burnham, Tulleys & Co. above referred to, as well as the good-will of said business owned by Burnham, Tulleys & Co.; that plaintiff was acting persistently in his own interests and that of his associates wherever he was enabled to do so by reason of the aforesaid mortgages having been made to him as trustee, and by reason of the collection of the bonds secured as aforesaid having been entrusted to plaintiff and his associates in Iowa. There were also in said cross-petition averments that upon foreclosures of mortgages in Nebraska the title had been taken in the name of Tulleys as trustee, and that he, in each transaction above referred to, was acting solely as trustee for the Anglo-American Mortgage & Trust Company. There was a prayer for appropriate relief. After a reply filed there was a trial, which resulted in a finding that the averments of the above cross-petition were sustained by the evidence and a decree granting the Anglo-American Mortgage & Trust Company the relief it had prayed in its cross-petition. The amount of the supersedeas bond on appeal was fixed at $4,000, which bond was accordingly given. In this court the Anglo-American Mortgage & Trust Company by motion ask that plaintiff be required to give an additional supersedeas bond sufficient to protect said company against loss. In support of this motion there was filed the affidavit of Samuel S. Curtis, who states that he is the receiver of said Anglo-American Mortgage & Trust Company and as such, after the aforesaid decree was entered, wrote to plaintiff a letter in the following language:

"OMAHA, NEB., May 26, 1894.

"*Col. L. W. Tulleys*—DEAR SIR: Referring to the injunction against your collecting B., T. & Co. second mortgages in order that the same may not be tied up until de-

cision of the case in the supreme court, we are willing that you should collect and release the same, paying the money collected therefor over to this company, to be placed in the special trust fund created by the court for such purpose until a final decision is reached, and we hereby authorize and empower you to do so. We think it as well for all concerned that these mortgages should be collected when possible.

"Yours truly,        SAMUEL S. CURTIS,
                                    "Receiver."

. To the above letter the answer was in this language:

· "COUNCIL BLUFFS, IOWA, May 29, 1894.

"Samuel S. Curtis, Rec'r, Omaha—DEAR SIR: Yours of 26th rec'd relative to collecting B., T. & Co. second mt'ge notes & releasing second mt'ges. I am advised by my Omaha att'ys that the effect of the supersedeas bond filed is to release these second notes & mt'ges from the effect of the injunction. My C. Bluffs att'ys advise the same thing.

"Yours truly,        L. W. TULLEYS."

The receiver further showed by his affidavit that the position taken in said letter of Tulleys had since been reasserted and reaffirmed by his agents and attorneys, that the commission notes and mortgages of Burnham, Tulleys & Co. which said Tulleys proposed to collect because of having filed his supersedeas bond aforesaid amount to about the sum of $25,000; that the Anglo-American Mortgage & Trust Company claims a lien upon all the commission notes and mortgages remaining uncollected for its moneys and funds appropriated and used by L. W. Tulleys while its president, to the amount of nearly $160,000, and that if Tulleys is permitted to collect the remaining portion of the said $160,000 (represented by the $25,000 in notes and mortgages), affiant believes thereby will be defeated the claim of the Anglo-American Mortgage & Trust Company for the reimbursement of the funds so used, except to the extent of the amount of the supersedeas bond. This affiant

further stated that Tulleys was a non-resident of this state and financially irresponsible, and that a judgment against him would be uncollectible. No attempt was made to controvert the above showing, though due notice of its pendency was given the attorneys for Tulleys, and it must therefore be accepted as true. The decree against Tulleys was founded on averments of an abuse of trust reposed in him to the irreparable injury of his *cestui que trust*, the Anglo-American Mortgage & Trust Company. Since the decree was rendered it is shown that Tulleys, though a nonresident of this state and insolvent, is collecting a large amount of notes which his trust relation renders possible. His right now to do this he bases upon his supersedeas bond. It is not questioned that the aggregate amount of these notes equals $25,000. There is of course no attempt to fix the time which must elapse before this cause shall be determined. It was filed in this court September 27, 1894, and we are bound to assume that a considerable time must elapse before it can be decided. Meantime under the showing made it is fair to assume that $25,000 may be collected by the appellant and removed to another state. It is therefore but proper that a supersedeas bond commensurate in amount should be filed, and it is accordingly ordered that to continue in force the supersedeas now existing a new supersedeas bond in the penal sum of $25,000 be filed and approved in the office of the clerk of the district court of Douglas county on or before December 1, 1894.

JUDGMENT ACCORDINGLY.