AMERICAN BREWING COMPANY v. TALBOT *et al.,*
*Appellants.*

Division One, June 30, 1896.

ON MOTION TO VACATE SUPERSEDEAS.

1. **Appellate Practice**: APPEAL BOND: INSOLVENCY OF SURETIES: VACATION OF STAY OF EXECUTION. Where the surety on an appeal bond has become insolvent, after the appeal has been allowed and bond approved, the appellate court, in which the cause is pending may vacate the stay of execution produced by the bond, unless the appellant will give another appeal bond with approved security.

2. ——: ——: ——: ——. An order for a stay of execution is subject to the control of the court in which the cause is pending.

3. ——: ——: ——: ——. A court has control of its process and is authorized to see that its process does not become an instrument of injustice.

4. ——: STATUTORY STAY OF EXECUTION. A statutory stay of execution fills the place of a writ of *supersedeas* in an older system of practice, though it is of broader scope because equity and law are administered in Missouri in the same court.

5. ——. The supreme court in Missouri has certain inherent powers by virtue of the constitution and laws, governing its organization.

*Motion to vacate supersedeas.*

MOTION SUSTAINED

PER CURIAM.—(BARCLAY, MACFARLANE, and ROBINSON, JJ.)—Plaintiff has moved to vacate the supersedeas unless a new appeal bond be given. The ground of the motion is that, since the approval of the appeal bond, the surety has become insolvent. The fact is supported by affidavit, and is not disputed. But the appellants insist that this court has no power to order a new bond or to vacate the stay order, under the statutes on the subject. R. S. 1889, secs. 2255, 2256.

Another section of the statute law (2249) shows the facts which should exist to warrant an order staying execution, or an approval of the security offered in compliance with that section. Among the essential prerequisites of such a stay is that any needed securities should be approved by the court, and the penalty of the bond should be in double the amount of the judgment, etc. The whole tenor of the act indicates that the bond should secure what it purports to secure.

But what if the sureties become insolvent after the appeal has removed the cause to the supreme court? Is the stay to continue, nevertheless? Or has the court, into which the appeal has brought the cause, power to require the security to be kept good, under penalty of removing the stay of execution?

It was held in this case at an earlier stage that where the bond, originally approved, did not comply with the statute, a new one might be required in the appellate court to keep the stay of execution in force. *American Brewing Co. v. Talbot* (1894) 125 Mo. 388 (28 S. W. Rep. 585). The principle of that ruling is that the security afforded by the bond must be real, and not a sham. *State ex rel. Duggan v. Dillon* (1889) 98 Mo. 90 (11 S. W. Rep. 255), never intended to declare any such proposition as that the approval of an appeal bond, once obtained in the circuit court, would effect a stay during all subsequent stages of the appeal, without regard

to the actual security it might or might not afford meanwhile. That case simply laid down the very correct rule that the approval of the appeal bond on the circuit effected a stay of execution, and amounted to a ruling on the sufficiency of the bond. The question now under consideration was not then considered.

A statutory stay of execution fills the place of the writ of supersedeas under an older system of practice, though it is of much broader scope because of the administration of law and equity in Missouri in the same court. But we think no reasonable interpretation of the statutes on the subject will sanction the continuance of the stay where the security has become insolvent after the appeal bond has been once approved.

The stay is subject to the order of the court in which the cause is pending, in accordance with the demands of justice and the obvious spirit of the statutes authorizing a stay.

The order of court which produces a stay of execution is like other orders or process of the court; namely, subject to the control of the court, so that it shall not become an instrument of injustice. *Bryant v. Russell* (1895) 127 Mo. 422 (30 S. W. Rep. 107).

Where the surety on an appeal bond becomes insolvent, after the bond has been duly approved, the appellate court, in which the cause is pending, may vacate the supersedeas unless the appellant will furnish a new bond, such as the statute obviously demands for a stay of proceedings on the judgment.

Though there is no express statutory authority for such action, we think the inherent power of the court (under the general laws governing its organization) permits such an order, in the circumstances here shown. R. S. 1889, secs. 6561, 3243; *State ex rel. v. Rombauer* (1891) 104 Mo. 619 (16 S. W. Rep. 502). The United States supreme court has held that it had power

to make such an order, although its inherent authority is probably less extensive, under the scheme of federal government created by the constitution of the United States, than the inherent power of the supreme court in this state under our constitution and the laws above cited. *Jerome v. McCarter* (1874) 21 Wall. 17; *Knox Co. Court v. U. S.* (1879) 25 L. Ed. (U. S.) 191; *Williams v. Claflin* (1880) 103 U. S. 753. See also *Florida, etc., Co. v. Branham* (1893) 32 Fla. 289.

The motion to vacate the supersedeas will be sustained unless a sufficient appeal bond be filed within 30 days, in a form, and with security, to be approved by one of the judges of this court or of the circuit court from which the cause came. Unless such bond be given as above, the order of supersedeas or stay of execution will be vacated at the end of that period. All concur except BRACE, C. J., absent.