137   673
| 89a 583
|137   673|
|166   669|
137   673|
95a ⁴563|
95a ⁵563|

STATE *ex rel.* HECKEL *et al.* v. KLEIN, *Judge, etc.*

In Banc, March 2, 1897.

1. **Appeal:** SUPERSEDEAS BOND: APPOINTMENT OF RECEIVER. A judgment in equity establishing a receivership of a corporation, removing its officers, and containing many special directions to the receiver, is suspended by an appeal and the approval of a statutory bond for stay of execution.

2. ———: ———: MANDAMUS: ATTACHMENT. An appeal with a stay bond precludes the enforcement of a peremptory *mandamus;* it precludes a sale of attached property pending an interpleader's appeal; and it suspends the execution of an order appointing a receiver.

3. ———: APPROVAL OF BOND. When an appeal bond has been approved, its sufficiency is thereby determined until the further order of some competent court.

4. ———: ———: JUDICIAL DISCRETION. The approval of an appeal bond involves the exercise of discretion, and will not be reversed by a supervising court except in event of an abuse of that discretion.

5. ———. A trial judge need not specify the amount of bond necessary to stay execution on appeal unless applied to by motion for such an order.

6. **Execution:** STATUTE. The word "execution" in section 2249 comprehends not merely the ordinary writ to collect money but also any and all process to enforce any affirmative command of a judgment.

*Mandamus.*

PEREMPTORY WRIT DENIED.

This a proceeding by mandamus. The object of it is to compel the defendant, as circuit judge, to approve a bond offered by relators as a stay bond on an appeal in the case of VOGELSANG *et al.* v. HECKEL HARDWARE COMPANY *et al.* The pleadings show the following facts admitted:

Messrs. Vogelsang and Gardner, as stockholders of the Heckel Hardware Company, filed a petition in

the circuit court in St. Louis against that company, and against Messrs. Heckel and Randolph (relators in the case at bar) Jesse T. Baker and Charles Sulz, the St. Louis National Bank and the Randolph–Heckel Hardware Company.

The petition charged in substance that Heckel, being president, and Randolph, secretary and treasurer, and both directors, of the Heckel Hardware Company, a corporation, conspired together and devised a scheme to fraudulently transfer and convert the assets of the company to the secret use of themselves, their relatives and preferred creditors; that in furtherance of this scheme they made a written transfer of these assets to defendant Baker for the sum of $52,000, to which transfer they obtained the assent of the other three directors of the company; that this transfer was made upon condition, among others, that a debt of $20,000 due to the St. Louis National Bank should be paid; and that the rest of the $52,000 should be used for the benefit of Heckel and Randolph; that in pursuance of this scheme the assets were ostensibly delivered to Baker, but really remained in possession of Heckel and Randolph; that they were subsequently transferred by Baker to the Randolph–Heckel Hardware Company, a corporation consisting of Messrs. Randolph and Heckel and Sulz, who (in the name of this latter corporation) were proceeding to dispose of and convert to their own use all that remained of these assets.

The petition prayed that the Heckel Hardware Company be dissolved; that Heckel and Randolph be removed from their respective offices therein; that they be compelled to account for their misconduct; that a receiver be appointed; that all the defendants be required to account for the money and property of the company that came into their hands; that the receiver take charge of the remaining assets and institute and

prosecute all needful suits at law or in equity against the defendants and others for the recovery of the converted assets, alleged to be worth at least $75,000.

To this petition defendants answered separately, denying the fraud imputed to them, averring that on the contrary Heckel and Randolph had assumed and paid debts of the Heckel Hardware Company to the amount of $26,000, and alleging that the plaintiffs did not, before bringing their suit, request the board of directors (a majority of whom were not alleged to be implicated in the frauds charged) to bring suit for the recovery of the assets said to have been converted.

The *Vogelsang* case was tried on the merits before Judge KLEIN, as circuit judge. He rendered a judgment dismissing the cause as against Baker, Sulz, and the bank; but he found the issues for plaintiffs as against Heckel, Randolph, and both of the hardware companies. He entered a judgment removing Heckel and Randolph from their offices in the Heckel Hardware Company, appointed a receiver to take charge of all the business, property, effects and books of that company, and to collect, sue for, and recover all debts and property of the company, and to demand and sue for an accounting for any property or assets wrongfully taken from it. The decree also ordered that Heckel, Randolph, and the Randolph–Heckel Hardware Company should at once deliver to the receiver all the books, deeds, documents, evidences of debt and files of the Heckel Hardware Company, and finally that plaintiffs recover their costs of Heckel, Randolph, and the Randolph–Heckel Hardware Company.

In due time Heckel and Randolph filed motions for new trial and in arrest. These were overruled February 15, 1896. They then filed a bill of exceptions, which was duly allowed, signed and filed. Thereafter, April 4, 1896, and in proper time, at the February

term, they filed an affidavit for appeal, which was granted. On the same day they presented to Judge KLEIN, for approval, a bond in the sum of $500, conditioned as follows:

"The condition of the above obligation is such: That, whereas, George P. Heckel and Peter J. Randolph have appealed from the judgment rendered against them and in favor of Louis E. Vogelsang and Charles H. Gardner in the circuit court, city of St. Louis, for the sum of ———— dollars and ——— cents, together with costs.

"Now, if said appellants shall prosecute their appeal with due diligence, to a decision in the appellate court, and shall perform such judgment as shall be given by such court, or such as the appellate court may direct the circuit court, city of St. Louis, to give, and if the judgment of said circuit court, or any part thereof, be affirmed, and said appellant shall comply with, and perform, the same, so far as it may be affirmed, and pay all damages and costs which may be awarded against them by any appellate court, then this obligation to be void, otherwise to remain in full force and effect."

Judge KLEIN refused to approve said bond because he held that it would, upon approval, operate as a. supersedeas to the execution of the judgment, and that it was not sufficient in amount for that purpose.

Judge KLEIN did not, at the time of granting the appeal, by order of record fix the amount of the appeal bond, nor was he at any time (so far as this record shows) requested to do so. Later the relators perfected their appeal by filing a proper transcript of the record in the supreme court.

Prior to the tender of the bond, the receiver appointed by the court took possession of the books of the Heckel Hardware Company, and instituted five

actions against a number of parties, seeking to recover of them about $16,400 upon allegations that the same had been diverted from the corporation.

In this condition of the case the pending application for mandamus was presented, an alternative writ awarded, return made, and the facts above mentioned developed by the pleadings in the supreme court.

All other material facts are mentioned in the opinion of the court.

*T. K. Skinker* and *Hiram J. Grover* for relators.

(1) The bond offered was sufficient in amount. It was double the amount of the costs of both circuit and supreme court; and no more than $500 could be recovered on any bond that could have been given. R. S., sec. 2249; *Nofsinger v. Hartnett*, 84 Mo. 549; *Schuster v. Weiss*, 114 Mo. 158; *Kountze v. Omaha Hotel Co.*, 107 U. S. 378; *Bauer v. Cabanne*, 105 Mo. 120; *Cranor v. Reardon*, 39 Mo. App. 306; *Burgess v. Doble*, 149 Mass. 256; *McWilliams v. Morgan*, 70 Ill. 62; *Ex parte Hawks*, 7 Cow. 492; *Blanchin v. Steamer*, 10 La. Ann. 345; *State ex rel. v. The Judge*, 20 La. Ann. 108; *City Bank v. Bangs*, 4 Paige, 285; *In re Pierson's Executors*, 13 Iowa, 449; *Stephens v. Shannon*, 44 Ark. 178; *Welch v. Cook*, 7 How. Prac. 282; *Wilkes v. Henry*, 4 Sandf. Chan. 390; *Roberts v. Jenkins*, 80 Ky. 666; *Roberts v. Cooper*, 19 How. 373; Tyler on Ejectment, p. 838; R. S., secs. 4638, 4644. (2) Judge KLEIN not having fixed any other amount should have approved the bond tendered. *State ex rel. v. Dillon*, 98 Mo. 90.

*Lubke & Muench* for respondent.

(1) The trial court, even though there be no express money judgment, is not limited to a mere recognizance for costs, when fixing the amount of an

appeal bond in a case in which the decree involves other pecuniary results. *Duggan v. Dillon*, 98 Mo. 94; *State ex rel. v. Dillon*, 31 Mo. App. 535. (2.) Should the court below approve a bond, however inadequate, its sufficiency is thereby conclusively established, and will not be drawn in question here. *State ex rel. v. Dillon*, 98 Mo. 90; *Am. Brewing Co. v. Talbot*, 135 Mo. 170; *State ex rel. v. Hirzel*, 137 Mo. 435. (3) Hence the necessity for requiring, in cases which involve large amounts, and in which it is sought to stay the hands of justice from saving large amounts about to be dissipated, a bond adequate to protect against all immediate consequences that may flow from such *supersedeas*. That a bond for $500, to cover costs, should be construed as an indemnity for the results necessarily flowing from a stay of the judgment against these relators, is almost too absurd to propose. (4) Even if this court should conclude that the respondent should approve the appeal bond offered, the effect thereof should here and now be limited by this court to the judgment for costs only. The affirmative part of the decree, that which directs the appointment of the receiver, his possession of the property of the other defendant, the Heckel Hardware Company, and the prosecution by him of suits against parties who have wrongfully absorbed the assets of said company; the removal of relators as directors and officers, and the inhibition against their longer acting as such should stand as self-executing. Elliott on Appel. Proc., secs. 392, 393.

OPINION.

BARCLAY, C. J.—Relators ask a peremptory mandamus to compel Judge KLEIN to approve an appeal bond in a suit tried before him. The circumstances of the application to him and of his refusal are described in

the preliminary statement opening the official report of the hearing in this court.

The relators (who submitted the bond in question) were defendants in the suit. The final judgment against them involved their removal from office as president, secretary, and treasurer of a corporation, and the immediate transfer of the corporate books, accounts, and other property to a receiver appointed by the court. Relators were entitled to appeal from that judgment and to stay proceedings to enforce the execution of the judgment pending the appeal by complying with the law regulating stay of execution on appeals. R. S. 1889, sec. 2249.

The word "execution" appearing in the section cited, with reference to a stay during proceedings on appeal, has been held to comprehend not merely the ordinary writ of execution to collect money, but also any and all process to enforce any affirmative command of a judgment, whatever its nature. Thus an appeal (with proper bond) has been held to stay the issue of a peremptory mandamus (*State ex rel. v. Lewis* (1882) 76 Mo. 370), and to stay the sale of attached property during an appeal by an interpleader. *State ex rel. v. Ransom* (1885) 86 Mo. 327.

And the enforcement of an interlocutory order for the appointment of a receiver was considered by a majority of the court as within the scope of the term "execution" as used in section 2249. *State ex rel. v. Hirzel* (1897) 137 Mo. 435; s. c., 37 S. W. Rep. 921, and 38 S. W. Rep. 961.

Section 2249 expressly declares that, upon compliance with certain named conditions, the order allowing the appeal "shall stay the execution." We do not consider ourselves at liberty to nullify that clear command, even if we regarded the security afforded by the terms of the bond prescribed by that section as in some

cases inadequate to indemnify against the stay of proceedings.

The law declares that a certain sort of bond shall operate as a stay, and we merely hold that the law means what it says.

We are of opinion that sections 2249 and 2255 sufficiently show the construction above indicated to have been intended by the lawmakers. Though it must be confessed that the expression of that intent is not as satisfactory as is desirable in a law so frequently applied.

It was held in *State ex rel. Duggan v. Dillon* (1889) 98 Mo. 90 (11 S. W. Rep. 255) that the approval of an appeal bond determines the question of its sufficiency to effect a stay of proceedings. That ruling has been since approved. *Am. Brewing Co. v. Talbot* (1896) 135 Mo. 170 (36 S. W. Rep. 657). So there can be no doubt that had Judge KLEIN approved the appeal bond for $500, a stay of proceedings (to enforce the affirmative parts of the final judgment) would have resulted.

It was for him, as trial judge, in the exercise of a sound discretion, to decide what amount of bond should be given to afford adequate indemnity to the adverse party in case of appellants' failure to comply with the judgment of affirmance. This court will not (on mandamus) reverse the action of a trial judge, in passing upon the sufficiency of an appeal bond (obviously offered to obtain a stay of proceedings) except in event of a manifest abuse of his authority. We discover no abuse of discretion in the *Vogelsang* case. In view of the nature of that suit and of the judgment therein rendered, we regard as entirely correct his holding that a bond for $500 was inadequate to secure a stay. The learned judge did not specify what amount of bond should be given for that purpose. Nor was he

required to do so officially, unless upon an application by motion, which was not made.

The object of an appeal bond is, among other things, to secure performance of the judgment that may finally be rendered in the cause upon, or after, the appeal. This is the plain meaning of the condition of the bond as defined by section 2249. In respect of a judgment such as that in view in the *Vogelsang* case, it is the peculiar province of the trial judge to determine what bond will reasonably suffice to secure performance of it, and to protect the full fruits thereof in case the bond must be resorted to for that purpose thereafter.

Judge KLEIN will no doubt indicate what sum he regards as proper security on being duly requested so to do.

We hold that he should not be compelled to approve the bond heretofore submitted, and hence deny a peremptory writ. Judges MACFARLANE, ROBINSON, and BRACE concur. Judge BURGESS dissents. Judges GANTT and SHERWOOD are absent.