### H. HORSTMAN ET AL. v. SAM G. LITTLE, TRUSTEE.

No. 1370.   Decided December 12, 1904.

**1.—Appeal Bond—Insufficient Amount.**

An appeal bond in double the amount fixed by the clerk as the probable costs in the trial, the appellate, and the Supreme Court, is sufficient, though the record on appeal shows a cost bill in the trial court alone greater than the sum so fixed by the clerk.   (Pp. 342, 343.)

**2.—Same—Requiring Larger Bond.**

It is only where the original bond is found defective that the appellate court is authorized by article 1025, Revised Statutes, to allow amendment; this gives that court no power to review the action of the clerk in fixing the amount where the bond given is in full compliance with the law.   (Pp. 343, 344.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Milam County.

*Henderson, Morrison & Freeman,* for appellants.

*Nelson & Little* and *Davis & Cocke,* for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—Question certified from the Court of Civil Appeals for the Third District, as follows:

"The Court of Civil Appeals of the Third Supreme Judicial District of Texas certifies to the Supreme Court the fact that there is now pending in said Court of Civil Appeals a cause numbered 3431, styled H. Horstman et al. v. Sam G. Little, Trustee, wherein the appellee recovered judgment in the court below against H. Horstman, H. W. Steinman,. W. H. Lyon, W. R. Newton and the Citizens National Bank of Cameron,. Texas, in the sum of $912, together with all costs; and the appellee also in the same suit recovered an additional judgment against H. Horstman, H. W. Steinman, W. H. Lyon and W. R. Newton for the further sum of $478.80, and all costs of suit.

"All the appellants gave notice of appeal, and from these judgments H. Horstman and H. W. Steinman, by an appeal bond for costs only, as provided by article 1400 of the Revised Statutes, have appealed to this. court; and it appears from the appeal bond shown by the record that it. is executed in the sum of $300, which states that that sum is more than double the probable amount of the costs of the trial court, the Court of Civil Appeals and the Supreme Court.   That bond was approved by the clerk of the District Court of Milam County, where said cause was tried, on the 15th day of June, 1904, and there is an indorsement and certificate in the record by the clerk, stating that he fixed the probable amount of the costs in the court below, the Court of Civil Appeals and the Supreme Court at $150.

"Appellants Newton and Lyon also executed an appeal bond, as provided for in article 1400, Revised Statutes, in the same sum as the bond

just stated, which contained the same recitals, and it has indorsed the certificate or statement of the clerk to the effect that he had fixed the probable amount of the costs at $150. This bond was approved by the clerk on the 13th day of June, 1904.

"There is attached to the record in this case, and as a part of the same, a statement or certificate of the clerk of an itemized bill of the costs of the court below, that is, the trial court, amounting to $220.25.

"Appellee has filed a motion, which is now pending in this court, to dismiss the appeal of these parties, because the appeal bond executed by them is not in double the probable amount of the costs of the trial court, the Court of Civil Appeals and the Supreme Court, for the reason that it affirmatively appears from the record that the clerk of the court below did not fix the amount of the costs in at least double the probable amount of the costs of the court below and the appellate courts, as the record shows that in each instance he fixed the probable costs at $150, and the certified bill in the record states the amount of costs of the trial court to be $220.25.

"The majority of this court is of the opinion that the motion is well taken and construe article 1400 to mean that the clerk of the trial court is not authorized to fix the probable amount of costs at less than the amount of costs shown by the certified cost bill, as appears in the record. One of the members of the court dissents from this construction of the statute, and contends that we have no power to review or to control the action of the clerk in fixing the amount of the costs. Therefore, we certify to the Supreme Court the following question:

"Should the motion to dismiss for the reasons stated be granted? Or, in other words, has the clerk of the trial court, where a party desires to perfect his appeal under article 1400 of the Revised Statutes, the power to fix the probable amount of the costs at a sum less than what the record shows the costs to be against the party so appealing in the trial court?"

The first part of the question is answered in the negative. Of the rest it is sufficient to say, that the right of appeal is not to be affected by a mistake of the clerk in estimating and fixing the probable amount of the costs. What his liability may be to a party injured by his mistake is not the question. When an appellant applies to the clerk for an estimate of the costs as the means of perfecting his appeal, much of the costs both in the trial court and in the appellate courts is still to accrue, and the amount thereof can not be absolutely known. Hence the satute (art. 1400, Rev. Stats.) requires the clerk to fix the probable amount. Upon this the bond is based and the appeal perfected. This is the means prescribed by the statute for ascertaining the amount for which the bond is to be given, and when this course has been followed, the party appealing should not have his appeal defeated by a miscalculation of the officer to whom the law commits the duty of ascertaining the probable amount of the costs.

By article 1025, Revised Statutes, the Courts of Civil Appeals are

empowered, upon motion to dismiss appeals, to allow defects of "substance or form" in such bonds to be amended by the giving of a new bond, and there arises the question whether or not this enables those courts to review the action of the clerk in fixing an amount, and, when it is found insufficient, to require a bond for a larger one. But this is to be done only when the bond is found to contain a defect, which can not be said of one which is in full compliance with the law. Besides, article 1400 was in force, as it now is, before the organization of the Courts of Civil Appeals, and, remaining unchanged, is to be construed as it was by the Supreme Court under the former system. Our information is that the uniform ruling, in unwritten opinions, was that a bond in double the sum fixed by the clerk as the probable amount of costs established the right of appeal, and that this right was not affected by the fact that the costs afterwards appeared to be greater than the clerk had supposed they would be. It may be remarked also that the Supreme Court always exercised the power to allow the giving of new bonds where those first given were insufficient in amount, the statute, prior to 1879, not providing for the fixing of the amount by the clerk. Shelton v. Wade, 4 Texas, 148.

The practice referred to is fairly inferable from the case of Davis v. Burnett, 7 S. W. Rep., 648. In that case the appellee moved to dismiss the appeal on the ground that it did not appear that the clerk had fixed any sum as the probable amount of the costs and that the bond was in double the amount fixed by that officer; and it was added that in fact the bond given, although more than double the costs of the district court as they appeared in the transcript, was not in a sum sufficient to double such costs and also the probable costs of the Supreme Court. The court held that the approval of the bond by the clerk was sufficient evidence that it was in double the amount of the probable costs as fixed by him, and overruled the motion, saying nothing as to the other suggestion. The court evidently thought, when it found satisfactory evidence of the action of the clerk, that inquiry was ended; otherwise something would probably have been said upon the further contention that the bond was in fact insufficient in amount.