(July 27, 1925.)

W. B. WALL, an Individual Doing Business Under the Name
and Style of W. B. WALL PLUMBING COMPANY, Re-
spondent, v. T. J. WOODS, Appellant.

[238 Pac. 527.]

SUPERSEDEAS BOND—INSOLVENT SURETY—ORDER FOR NEW BOND.
    This court has jurisdiction after an appeal to it has been per-
fected to direct the appellant to give a new *supersedeas* bond
whenever it is made to appear that the original bond, because of
a changed condition of the sureties, is clearly insufficient.

·APPEAL from the District Court of the Eleventh Ju-
dicial District, for Twin Falls County. Hon. Wm. A. Bab-
cock, Judge.

Application for new appeal bond. *Granted.*

Jno. E. Davies, for Appellant.

The court has no power or jurisdiction to order that an
additional bond be filed in this action at this time or that
the present bond now on file in said cause be amended by
at this time adding thereto a further surety. (*McComber
v. Conradt,* 4 Cal. Unrep. 723, 37 Pac. 382; *Miller v. Heard,*
7 Ark. 50; *Davies v. Monroe Waterworks Co.,* 107 La. 145, 31
So. 694; *Surget v. Stanton,* 10 La. Ann. 318; *Perrin v.
Kellogg,* 37 Mich. 316; *Moore v. Olin,* 6 Mich. 328; *Kreling
v. Kreling,* 116 Cal. 458, 48 Pac. 383; *Boyer v. San Fran-
cisco Superior Court,* 110 Cal. 401, 42 Pac. 892; *Hortsman
v. Little,* 98 Tex. 342, 83 S. W. 679.)

Harry J. Benoit, for Respondent.

"When the surety on an appeal or *supersedeas* bond has
become insolvent after the appeal has been taken, the

Publisher's Note.

1. Requirement of or permission for additional or new appeal or
*supersedeas* bond in appellate court, see notes in 10 **Ann. Cas.** 804;
17 **Ann. Cas.** 378.

appellate court in which the appeal is then pending may require a new bond as a condition to further proceedings." (*American Brewing Co. v. Talbot,* 135 Mo. 170, 36 S. W. 657; *Horstman v. Little,* 98 Tex. 342, 83 S. W. 679; *Bailey v. New York Arcade R. Co.,* 113 N. Y. 615, 20 N. E. 594; *Florida Orange Hedge Fence Co. v. Branham,* 32 Fla. 289, 13 So. 281; *Williams v. Williams,* 19 Colo. 19, 34 Pac. 285; 3 C. J. 1311, par. 1440.)

GIVENS, J.—Respondent moves for an order compelling appellant to obtain a new surety on a *supersedeas* bond on the ground that one of the sureties on the *supersedeas* bond previously filed has become insolvent, and has left the state, which facts are not denied.

While California has held that, in the absence of a statute expressly empowering the appellate court to make such an order, it has no right so to do (*Macomber v. Conradt,* 4 Cal. Unrep. 723, 37 Pac. 382); the weight of authority and the better rule is the other way.

In furtherance of justice appellate courts have the inherent power, after an appeal has been perfected and where, because of the changed conditions of the surety, the original *supersedeas* bond has become insufficient, to require the filing of a new bond with adequate sureties. (*Bock v. Sauk Center Grocery Co.,* 100 Minn. 71, 10 Ann. Cas. 802, 110 N. W. 275, 9 L. R. A., N. S., 1054; *American Brewing Co. v. Talbot,* 135 Mo. 170, 36 S. W. 657; *State v. Klein,* 137 Mo. 673, 39 S. W. 272; *Tulleys v. Keller,* 42 Neb. 788, 60 N. W. 1015; *Williams v. Williams,* 19 Colo. 19, 34 Pac. 285; *O'Reilly v. Edrington,* 96 U. S. 724, 24 L. ed. 659; *Hudson v. Parker,* 156 U. S. 277, 15 Sup. Ct. 450, 39 L. ed. 427; *Pulte v. Wayne Circuit Judge,* 47 Mich. 560, 11 N. W. 385; *Bigler v. Waller,* 12 Wall. (U. S.) 149, 20 L. ed. 260; *Horstman v. Little,* 98 Tex. 342, 83 S. W. 679; *Bailey v. New York Arcade R. Co.,* 113 N. Y. 615, 20 N. E. 594; *Florida Orange Hedge Fence Co. v. Branham,* 32 Fla. 289, 13 So. 281.) And in cases of default to so file such bond to vacate the stay.

The motion is therefore granted and the appellant is ordered, within twenty days from receiving notice of this opinion, to file a new and adequate bond with the clerk of this court. Costs awarded to respondent.

William A. Lee, C. J., and Wm. E. Lee and Taylor, JJ., concur.

BUDGE, J., Dissenting.—Respondent made application to this court for an order requiring the appellant to furnish a new surety on a *supersedeas* bond filed by him on appeal from a judgment entered against him in the district court of the eleventh judicial district, on the ground that since the giving of such bond one of the sureties thereon had disposed of his property and is now insolvent.

The question as to the power of this court to require an appellant to furnish a new *supersedeas* bond as prayed for in respondent's application has not heretofore been presented to or passed upon by this court. This exact question, however, was before the supreme court of California in the case of *Macomber v. Conradt*, 4 Cal. Unrep. 723, 37 Pac. 382. In the course of that opinion the court uses the following language: "No statute has been called to our attention which authorizes us in making the order here prayed for, and we know of none. For this reason, the motion and application is denied." At the time of this decision the statutes of California were practically identical with our present statutes providing for the giving of a *supersedeas* bond. We likewise have no statute authorizing this court to require an appellant to furnish a new *supersedeas* bond in this court. From my investigation of the question here presented I am not prepared to concur in the majority opinion that the appellate court has the inherent power to compel the appellant to furnish a new *supersedeas* bond, or that the weight of authority and the better rule is out of harmony with the holding in *Macomber v. Conradt, supra*. An examination of the following authorities shows that they support the rule announced in that

case: *Miller v. Heard,* 7 Ark. 50; *Davies v. Monroe Water Works etc. Co.,* 107 La. 145, 31 So. 594; *Surget v. Stanton,* 10 La. Ann. 318; *Moore v. Olin,* 6 Mich. 328; *Perrin v. Kellogg,* 37 Mich. 316; *Kreling v. Kreling,* 116 Cal. 458, 48 Pac. 383; *Boyer v. San Francisco Superior Court,* 110 Cal. 401, 42 Pac. 892; *Horstman v. Little,* 98 Tex. 342, 83 S. W. 679; *Stewart v. Wilcox,* 1 Lea (Tenn.), 81; *State v. Judge,* 17 La. 433; *DeGruy v. Aiken,* 43 La. Ann. 789, 9 So. 747. The great weight of authority would seem to be that an appellate court is without the power to compel an appellant to furnish a new *supersedeas* bond in the appellate court.

Examination of some of the authorities cited in the majority opinion discloses the fact that they refer to legislative authority empowering appellate courts to make such orders. Conceding that upon occasion courts do legislate, no urgent necessity would seem to exist calling for the exercise of such power in this instance. To my mind the wiser course would be to follow the rule of the *Macomber v. Conradt* case until the legislature by specific enactment clothes this court with the power to require, upon proper showing, that an appellant furnish a new *supersedeas* bond.

Finding myself unable to concur with the views expressed by the majority of the court in the opinion written by Mr. Justice Givens, I dissent therefrom.