[S. F. No. 275.    In Bank.—December 10, 1895.]

# J. D. BOYER, PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

APPEAL—STAY OF EXECUTION—JUSTIFICATION OF SURETIES BEFORE CLERK —OPTION—SECOND JUSTIFICATION—JURISDICTION OF SUPERIOR COURT —PROHIBITION.—Where exception is made to the sufficiency of sureties upon a stay bond upon appeal, the parties have the option, under the statute, to justify either before a judge of the superior court or the county clerk; and where a justification is had before the county clerk, the court has no power to order the sureties to appear before it for a second justification; and a writ of prohibition will issue from the supreme court to prevent such action of the superior court.

ID.—AUTHORITY OF COUNTY CLERK—REVIEW BY COURT.—The county clerk and a judge of the superior court are vested by the statute with equal authority as to the justification of sureties; and there is no provision of law for a review by the trial court of the action of the county clerk in passing upon the sufficiency of the sureties.

ID.—CONSTRUCTION OF CODE—AUTHORITY TO ORDER NEW BOND.—The authority given by the amendment of 1895 to section 954 of the Code of Civil Procedure is confined to the ordering of a new bond upon appeals from money judgments, where a perfect bond has been prepared and filed in the first instance, and any imperfections thereto have subsequently arisen; and that amendment does not provide for a further or second justification of the sureties upon the original bond.

WRIT of prohibition from the Supreme Court to the Superior Court of the City and County of San Francisco. A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*J. D. Boyer*, Petitioner in Person.

When an appeal is perfected by filing the required undertaking, it stays all proceedings in the trial court upon the judgment or order appealed from. (Code Civ. Proc., secs. 940, 941, 945, 946; *Lee Chuck* v. *Quan Wo Chong Co.*, 81 Cal. 222; 15 Am. St. Rep. 50; *People* v. *Center*, 54 Cal. 236.) The acceptance of a surety as pecuniarily sufficient rests in the reasonable discretion of the court or officer designated by law to approve the bond. (1 Encyclopedia of Pleading and Practice, 1003.) If the bond is insufficient, the remedy is to be furnished

by the court to which the appeal is taken. (*Miller* v. *O'Reilly*, 84 Ind. 170, 171.)

*Tobin & Tobin*, for Respondent.

The trial court had power to cite the sureties to appear before it for personal examination, in order to determine whether the undertaking was sufficient or not. (*Dobbins* v. *Dollarhide*, 15 Cal. 374; Code Civ. Proc., sec. 954; Stats. 1845, p. 59.)

Garoutte, J.—The present petitioner, J. D. Boyer, moved to vacate and set aside a judgment of foreclosure rendered against defendants in the case of the *Hibernia Savings and Loan Society* v. *Anna Lewis et al.*, and the motion was denied. Subsequently the court granted plaintiff's motion for a writ of assistance; Boyer appealed from the orders of the court made upon these motions, and the court fixed the amount of his undertaking to stay proceedings upon appeal from the order granting the writ of assistance in the sum of fifteen hundred dollars. Boyer filed a bond in due form, covering both appeals, and the sufficiency of the sureties was excepted to. Upon due notice to the respondent, and in the presence of its attorneys, the sureties justified before the county clerk. Some days thereafter respondent, upon notice, moved the court for permission to execute its judgment by aid of the writ of assistance, and further asked that an order be made striking the said undertaking from the files of the court. This action was prayed for upon the ground that the evidence taken before the county clerk at the time of justification showed the bond to be insufficient by reason of the poor financial standing of the sureties. Upon the hearing of these motions the court examined the testimony taken upon the justification before the county clerk, and thereupon made an order that said sureties on said undertaking appear before him (the judge) upon the ensuing day, at 10 A. M., to then and there justify, and also stated to petitioner Boyer that if they did not so appear and jus-

tify the writ of assistance would be enforced by a further order.   The present proceeding is an application for a writ of prohibition to restrain the threatened action of the trial court.

The petitioner, Boyer, perfected his appeal when he filed the undertaking heretofore referred to, and, the appeal having been perfected, all the proceedings upon the order for a writ of assistance were stayed. (Code Civ. Proc., sec. 946.)   Still the stay of proceedings is not necessarily permanent and final pending the appeal, for by a failure to comply with the provisions of section 948 of said code, in reference to the exception and justification of sureties, it becomes nugatory and of no avail; but, if compliance is had with the demands of that section, the stay continues perfect and complete. By the section referred to, upon an exception to the sufficiency of the sureties, they are required to justify after notice to the respondent, " before a judge of the court or county clerk," and in this case the sureties justified before the county clerk, upon due notice to the other side, and in their presence.   This would seem to end the matter and make the stay bond permanent pending the appeal.   In this regard the statute furnishes the measure of the power, and we see no authority in the statute authorizing the action of the trial court in ordering a second and summary justification. The county clerk and a judge of the superior court are vested by the statute with equal authority as to the justification of sureties; and there appears to be no provision of law for a review by the trial court of the action of the county clerk in passing upon the sufficiency of the sureties upon the bond.

It is further suggested that section 954 of the Code of Civil Procedure, as amended by statutes of 1895, page 59, confers authority for the action of the court complained of in ordering a second justification; but that amendment is not broad enough to cover the facts of the present case, and this is apparent for many reasons, viz: 1. It contemplates that a perfect bond had been

prepared and filed in the first instance, and that the imperfections thereto subsequently arose; 2. It contemplates appeals from money judgments; 3. It gives the court or judge authority only to order a new bond; and 4. It in no way provides for a further or second justification of the sureties upon the original bond. Counsel for respondent also relies upon the case of *Dobbins* v. *Dollarhide,* 15 Cal. 374. The facts of that case are quite meager, indicated by the opinion, but, as we understand them, the sureties upon the bond, at the time set for their justification, were unable to justify upon the stay bond, but did justify upon the appeal bond; and the court said that in such case respondent should move the trial court for the execution of the judgment, and that undoubtedly would be the proper procedure, for the stay had lapsed by reason of the failure of justification.

We conclude the trial court had no power to order the second justification to take place before it or a judge thereof, any more than it had the power to make such an order as to the first justification; and clearly the statute gives the parties the option of going either before a judge of the superior court or the county clerk for that purpose. As to what the remedy is for a respondent where, after justification, he should discover that the sureties perjured themselves at the hearing, it is not necessary to decide. Possibly legislation is needed to meet the case.

It is ordered that the writ issue as prayed for.

VAN FLEET, J., HARRISON, J., McFARLAND, J., TEMPLE, J., and HENSHAW, J., concurred.