[S. F. No. 603.   Department One.—April 7, 1897.]

ERNESTINE KRELING, ADMINISTRATRIX, ETC., RE-
SPONDENT, v. F. W. KRELING, APPELLANT.

APPEAL— BOND TO STAY EXECUTION —JUSTIFICATION OF SURETIES—DE-
CISION CONCLUSIVE—SUPERSEDEAS.—Where the sureties upon a bond to
stay execution have justified before the county clerk upon notice, his
decision in favor of the sufficiency of the sureties is conclusive, and can-
not be reviewed upon a motion for a writ of *supersedeas* to stay the ex-
ecution of the judgment and all proceedings thereon pending the appeal;
and where such bond is in due form, the writ of *supersedeas* will be
granted.

ID.—ACTION BY ADMINISTRATRIX AGAINST SURVIVING PARTNER—FORE-
CLOSURE OF EQUITABLE LIEN — DEFICIENCY— STAY OF EXECUTION —
BOND AGAINST WASTE SUFFICIENT—CONSTRUCTION OF CODE.—Neither
the provision of section 942 of the Code of Civil Procedure requiring an
undertaking in double the amount of the judgment, nor the provision
of section 945 of that code requiring a bond for the deficiency upon a
sale of "mortgaged" premises, in order to stay execution, applies to a
judgment of foreclosure and sale, and for deficiency, in an action by
an administratrix to enforce an equitable lien upon property conveyed
by her to a surviving partner of the decedent upon a settlement between
them, in consideration of his agreement to assume and pay the whole
amount of a certain firm note, and to relieve the estate from liability
thereon; but a bond under section 945 in an amount fixed by the judge
of the court rendering the judgment, to prevent waste pending the
appeal, is sufficient to stay execution upon such judgment.

APPLICATION in the Supreme Court for a writ of *su-
persedeas* to stay execution upon a judgment of the Su-
perior Court of the City and County of San Francisco,
pending an appeal therefrom. JAMES M. TROUTT,
Judge.

The action was brought to enforce an agreement of
composition between the plaintiff as administratrix of
the estate of William Kreling, deceased, and the defend-
ant, by the terms of which certain lands claimed by her
to belong to the estate were conveyed to the defendant,
who was a partner of William Kreling, in consideration
of his quitclaim to all other property of the estate, and
of his agreement to assume and pay all obligations of
the firm, and release the estate from liability thereon,
including two notes amounting to five thousand dollars,

given by the firm to the Anglo-Californian Bank, and to enforce an equitable lien upon the property conveyed, and a sale thereof to pay said note. Further facts are stated in the opinion.

*J. D. Sullivan, Herbert Choynski, Thomas A. McGowan,* and *F. H. Smithson,* for Appellant.

The undertaking for costs and damages and against waste stayed the execution, the judgment not being one for the direct payment of money. (Code Civ. Proc., secs. 941, 945, 946; *Englund* v. *Lewis,* 25 Cal. 346, 354; *Whitney* v. *Allen,* 21 Cal. 236; *Painter* v. *Painter,* 98 Cal. 625; *Gutzeit* v. *Pennie,* 97 Cal. 485; *Boob* v. *Hall,* 105 Cal. 414; *Central etc. Co.* v. *Center,* 107 Cal. 194.) The action of the county clerk in the justification of the sureties cannot be reviewed. (See *Boyer* v. *Superior Court,* 110 Cal. 402.)

*H. H. Lowenthal,* for Respondent.

As the decree directs the payment of money, the defendant must give a bond in double the amount of the judgment and costs to stay the execution. (Code Civ. Proc., sec. 942; *Englund* v. *Lewis,* 25 Cal. 337, 350, 355, 356.) The justification of the sureties showed that they were insufficient, therefore the undertaking is wholly insufficient, the appellate court having power to take cognizance of the proceedings upon justification. (*Fox* v. *Hale etc. Min. Co.,* 97 Cal. 353.)

HARRISON, J.—Motion for a writ of *supersedeas.*

A judgment was rendered in favor of the plaintiff that the defendant within ten days after its entry pay, satisfy, and discharge certain indebtedness existing in favor of the Anglo-Californian Bank, Limited, upon two promissory notes, amounting to five thousand dollars, held by it, and within said date procure a release of the plaintiff's intestate from liability on said notes; that in default thereof a certain parcel of real estate described in said judgment be sold by a commissioner who was

appointed therefor, and that out of the proceeds thereof the amount of said notes be paid to said bank; and if said proceeds were insufficient, judgment for the balance be docketed against the defendant, and execution issue therefor. From this judgment the defendant appealed, and gave an undertaking in the sum of three hundred dollars for the costs of appeal, and a further undertaking in the sum of two thousand five hundred dollars, that amount having been fixed by the judge of the court which rendered the judgment, to the effect that the appellant would not, pending the appeal, commit, or suffer to be committed, any waste upon the real property directed to be sold. The plaintiff excepted to the sufficiency of the sureties on this undertaking, and upon their justification before the county clerk, upon notice therefor, that officer approved the undertaking and the sureties thereon. The present motion is for a writ of *supersedeas*, staying the execution of the judgment and all proceedings thereon pending the appeal, and is resisted by the plaintiff upon the ground that the appellant did not give an undertaking in double the amount of the judgment.

The provisions of section 942 of the Code of Civil Procedure, requiring an undertaking in double the amount of the judgment for a stay of its execution, " if the appeal be from a judgment or order directing the payment of money," is inapplicable to the present case. That section is applicable to a judgment which directs payment by the defendant of a specific amount of money, and which can be directly enforced by a writ of execution, but has no application to a judgment which may be satisfied in either of two or more modes, or which cannot be enforced against the defendant until after the plaintiff has exhausted another remedy, and where he is personally liable for only a deficiency in the proceeds of certain property which is primarily chargeable therefor. (*Painter* v. *Painter*, 98 Cal. 625; *Boob* v. *Hall*, 105 Cal. 413.) If the judgment direct the sale of real property, and the defendant is liable only

in case of deficiency in the proceeds of such sale, the provisions of section 945 control, and by that section it is only when the judgment is for the sale of " mortgaged" premises that the undertaking must provide for the payment of a deficiency.

We cannot review the decision of the clerk upon the justification of the sureties before him. The statute has designated that officer as a tribunal for hearing and determining that question, and has provided no mode by which his conclusion may be reviewed. (*Boyer* v. *Superior Court*, 110 Cal. 401.) It is a general rule that where a fact to be determined rests upon conflicting testimony, or the weight of evidence, or the credibility of witnesses, the decision of the tribunal to whom it has been intrusted will be accepted as correct.

The motion for a writ is granted.

GAROUTTE, J., and BEATTY, C. J., concurred.