[S. F. No. 2663.  Department Two.—June 20, 1902.]

WILLIAM MERSFELDER, Respondent, v. EMILIE T. SPRING, Appellant.

APPEAL—MOTION TO DISMISS—INSUFFICIENT STAY BOND—CONDITION IN ORDER FOR NEW BOND—DISMISSAL NOT ALLOWED.—A sufficient bond in the sum of three hundred dollars having been given to perfect an appeal, the fact that the stay bond was inadequate as security for the payment of the judgment, and that the appellant has disregarded an order of the superior court, that within ten days after service thereof a new bond must be given with sufficient sureties, "as a condition to the maintenance of the appeal," under the terms of section 954 of the Code of Civil Procedure, as amended in 1895, is not a ground for dismissal of the appeal.

ID.—CONSTRUCTION OF CODE—CONDITION SUBORDINATED—ISSUANCE OF EXECUTION.—The expression "as a condition to the maintenance of the appeal," used in the amendment to section 954 of the Code of Civil Procedure, as applied to an order for a new stay bond, must not be construed as discriminating against appellants who have perfected their appeal and yet have given an insufficient stay bond, but is to be construed as subordinated to the more definite and explicit provision in the last clause of the section, that upon the failure of the sureties to justify "execution may issue upon the

judgment as if no undertaking to stay execution had been given,'' which is the only consequence of a failure to keep the stay bond good.

MOTION to dismiss an appeal from an order of the Superior Court of Marin County denying a new trial. F. M. Angellotti, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellant.

C. F. Humphrey, for Respondent.

BEATTY, C. J.—This is a motion to dismiss an appeal based upon the following amendment to section 954 of the Code of Civil Procedure, approved March 16, 1895, (Stats. of 1895, p. 59): ''When it is made to appear to the satisfaction of the court, or a judge thereof, from which the appeal was taken, that a surety or sureties upon an appeal bond from any cause has or have become insufficient, and the bond or undertaking inadequate as security for the payment of the judgment appealed from, the last-named court, or a judge thereof, may order the giving of a new bond with sufficient sureties, as a condition to the maintenance of the appeal. The said bond or undertaking shall be approved by the last-named court, or a judge thereof; and in case said sureties fail to justify before said last-named court, or a judge thereof, or fail to comply with the order to appear and justify, execution may issue upon the judgment as if no undertaking to stay execution had been given.''

It appears from the papers upon which the motion was submitted that the notice of appeal herein was served in November, 1900, and that an undertaking in due form was properly filed. Thereafter the following order was made by the superior court:—

''The motion of the plaintiff for an order requiring the giving of a new bond with sufficient sureties as a condition to the maintenance of the appeal to the supreme court, coming on this day regularly to be heard, C. F. Humphrey, Esq., appearing for the plaintiff, and no one appearing for the defendant, and it having been proved to the satisfaction of this court that notice of this motion was regularly served upon the

attorney of record for said defendant, and it further appearing to the satisfaction of the court that the defendant heretofore appealed from the order denying the motion for a new trial in this case and gave a bond therein for the payment of costs and for a stay of proceedings pending said appeal, and that since the giving of said bond the sureties upon such appeal bond have become insufficient and the undertaking inadequate as security for the payment of the judgment in said cause,—

"It is ordered, that the said defendant within ten days of the service on her and her attorney of record of a copy of this order, give a new bond with sufficient sureties as a condition to the maintenance of said appeal."

Notice of this order was served on appellant, but no new bond or undertaking was ever filed.

The question is whether upon these facts a proper construction of the above-quoted amendment to the statute requires a dismissal of the appeal. The language of the amendment indicates that its author had failed to appreciate the difference between an appeal bond and a stay bond—the undertaking for three hundred dollars which sustains the appeal, and the undertaking for twice the amount of the judgment which stays its enforcement pending the appeal. The bond to which the amendment relates is evidently the stay bond,—the bond which must be adequate as a security for the payment of the judgment,—and the provision is, that if it is found inadequate for that purpose the court or judge may order the giving of a new bond with sufficient sureties "as a condition to the maintenance of the appeal." This certainly sounds as if the legislature intended that in case the sureties on a stay bond become insufficient a new stay bond with sufficient sureties must be furnished or the appeal dismissed, notwithstanding a good appeal bond has been duly filed.

If the amendment should be so construed it would establish a most unreasonable discrimination against an appellant who has endeavored but failed to furnish a good stay bond, for it has no application to, and visits no penalty upon, one who has not attempted to stay the enforcement of a judgment. It may be doubted whether an attempt to impose such a discriminating burden upon the right of appeal would be constitutional; but however this may be, we think that the amendment is

susceptible of a construction more in accordance with justice and the long-established practice here in the matter of appeals. The expression "as a condition to the maintenance of the appeal" may be subordinated to the more definite and explicit provision in the last clause of the section,—that upon failure of new sureties to justify "execution may issue upon the judgment," etc. We think that under an allowable construction of the amendment the only consequence of a failure to keep the stay bond good is, that execution may be issued as if no undertaking to stay execution had been given.

The motion to dismiss is denied.

McFarland, J., and Henshaw, J., concurred.