[Civ. No. 465. Second Appellate District.—March 25, 1908.]

FRANK G. CHURCHILL, Appellant, v. JOHN F. MORE, Respondent.

CLAIM AND DELIVERY—APPEAL—UNDERTAKING TO STAY EXECUTION—CONSTRUCTION OF CODE.—Upon an appeal from a judgment in an action of claim and delivery of personal property which is in the alternative, primarily for return of the property, and incidentally for a money judgment, if a return cannot be had, the provisions of section 942 of the Code of Civil Procedure for an undertaking on appeal to stay execution on a money judgment are not applicable.

ID.—REMEDY AGAINST SURETY—ACTION ON BOND—STIPULATION FOR MOTION—VOID JUDGMENT.—The remedy upon a bond on appeal in an action of claim and delivery must be by action on the bond, and not by motion. A stipulation in the bond of a surety for remedy by motion, upon affirmance of the judgment, rests upon the statute alone. The superior court had no jurisdiction to render a judgment in such case by motion; and a judgment so rendered is void for want of jurisdiction apparent upon its face.

ID.—SUBMISSION OF SURETY COMPANY TO JURISDICTION—PAYMENT OF JUDGMENT.—Where the surety company, without in any manner questioning the jurisdiction of the court, or resisting the remedy by motion submitted thereto, and without moving to vacate the judgment rendered upon motion of the plaintiff against it, paid and satisfied the amount thereof, the judgment against it has passed beyond review, so far as the surety company is concerned.

Id.—Rights of Defendant—Contract for Indemnity—Collateral
Attack on Judgment.—Where the judgment against the surety
did not purport to bind the defendant, or to determine his rights
under a contract of indemnity against liability on its bond, or to
render any relief against him, the judgment being void on its face
is open to collateral attack by him, and neither the voluntary
nor coerced payment by the surety can have the effect to con-
clude him in an action on the contract of indemnity.

Id.—Defendant not an Aggrieved Party—Improper Order Setting
Aside Judgment.—The defendant is not an aggrieved party who
could either appeal from the judgment against the surety or move
to set it aside; and an order setting aside the judgment against the
surety, on his motion, must be reversed.

APPEAL from an order of the Superior Court of Santa
Barbara County setting aside a judgment. S. E. Crow,
Judge.

The facts are stated in the opinion of the court.

Richards & Carrier, for Appellant.

Wm. G. Griffith, and Canfield & Starbuck, for Respondent.

ALLEN, P. J.—Appeal by plaintiff from an order of the
superior court of Santa Barbara county.

The case is this: Plaintiff obtained a judgment in an action
for claim and delivery, by which judgment he recovered from
defendant possession of certain specified personal property,
or $1,636.80, the value thereof, in case delivery could not be
had. From this judgment defendant appealed and gave an
undertaking on appeal and a further undertaking in double
the amount of the value of said property, conditioned that "if
that part of the said judgment so appealed from, or any part
thereof, be affirmed, or the appeal be dismissed, the appellant
will obey the order of the appellate court upon the appeal or
will pay, in United States gold coin, the amount directed to
be paid by said part of said judgment so appealed from, or
by the part thereof as to which the said judgment shall be
affirmed, if affirmed only in part, and all damages and
costs which may be awarded against the appellant upon the
appeal," with the further stipulation "that if the appellant
does not make such payment within thirty days after filing of

the *remittitur* from the supreme court in the court from which
the appeal is taken, judgment may be entered on motion of the
respondent in his favor against said surety, for such amount,
together with the interest that may be due thereon and the
damages and costs which may be awarded against the appel-
lant upon the appeal.'' This undertaking was executed by
the United States Fidelity and Guaranty Company. Prelim-
inary to the execution of this undertaking defendant entered
into a written contract of indemnity with the surety by which
he agreed to indemnify and keep the' said guaranty company
indemnified from and against any and all loss, costs, charges,
suits, damages, counsel fees, and expenses of whatever kind
or nature, which said guaranty company shall or may, for
any cause, at any time, sustain or incur or be put to, for or
by reason or in consequence of said guaranty company's
having executed said bond. The judgment so appealed from
was affirmed by the appellate court and a *remittitur* duly
filed. More than thirty days after the filing of such *remittitur*
plaintiff filed an affidavit setting forth the execution of said
undertaking, the affirmance of the judgment, and, further,
that the defendant had not performed the judgment of the
court either by delivering the personal property or paying
its value, and on November 19, 1906, applied to the court
for judgment against the surety in accordance with the terms
of the bond; and thereupon a judgment was rendered by said
superior court in favor of plaintiff and against said surety
company for the sum of $1,941.85, being the amount of the
value of the personal property, together with costs and in-
terest; that execution issued out of this judgment and the
amount called for by such execution was collected by the
sheriff of the city and county of San Francisco and paid over
to plaintiff, who, on November 28, 1906, duly entered in the
judgment-book a satisfaction of said judgment. Thereafter,
on the 13th of May, 1907, defendant More moved the court
to vacate and set aside the judgment rendered against the
surety company upon the ground that the judgment so ren-
dered was void for want of jurisdiction, and was procured by
said plaintiff by a misrepresentation of fact, and that said
judgment was given and made by said court against the
surety company through inadvertence, surprise and excusa-
ble neglect. Affidavits and counter-affidavits were filed and,

on the 27th of May, 1907, the superior court of Santa Barbara county granted the motion of said More vacating and setting aside said judgment, upon the grounds that said judgment was inadvertently given, and at the time of the rendition thereof the court was without jurisdiction of the person of said surety company and that said judgment is void. From this order of the court vacating the judgment plaintiff appeals.

Counsel for both appellant and respondent discuss in their briefs the character and effect of the undertaking given by the guaranty company. We think it not necessary for a proper determination of this case to determine whether or not the undertaking given is a statutory bond or a common-law bond, with or without consideration. It is sufficient to say that it is not an undertaking given under section 942 of the Code of Civil Procedure, which provides for an undertaking on appeal to stay execution on a money judgment, and which section alone provides for the entry of a judgment thereon on motion, in default of the payment of the judgment within thirty days after the filing of the *remittitur*. This undertaking being given in an action of claim and delivery where the judgment was in the alternative, primarily for a return of the property and incidentally for a money judgment for the value thereof if a return be not had, is not the undertaking contemplated by section 942, Code of Civil Procedure: "That section is applicable to a judgment which directs payment by the defendant of a specific amount of money, and which can be directly enforced by a writ of execution, but has no application to a judgment which may be satisfied in either of two or more modes." (*Kreling* v. *Kreling*, 116 Cal. 460, [48 Pac. 383].) The stipulation in the bond of the surety company that judgment may be entered upon motion rests for its efficacy on the statute alone. (*Reay* v. *Butler*, 118 Cal. 115, [50 Pac. 375].) Section 942 being the only statute authorizing the rendition of judgment upon motion, it follows that recovery upon any bond other than one covered by section 942 must be by action. The superior court had no jurisdiction to render the judgment in this case on motion, and such want of jurisdiction is apparent upon the face of the judgment. Being so apparent the judgment was void. The surety company, however, without appealing therefrom or in any manner ques-

tioning the jurisdiction of the court, submitted to subsequent proceedings resulting in a full payment and discharge of said judgment and the same was satisfied of record. "Satisfaction means payment, and payment of a judgment cannot be treated as void for the purpose of attacking the jurisdiction of the court that rendered it. The surety had its remedy, by motion or otherwise, to vacate the satisfaction; but until set aside it is valid, and the judgment itself has passed beyond review." (*Morton* v. *Superior Court,* 65 Cal. 498, [4 Pac. 491].) In a subsequent case (*Kenney* v. *Parks,* 120 Cal. 24, [52 Pac. 40]), the court, in considering the case last cited, says that the rule there laid down has no application when the party aggrieved has appealed within the statutory period. In this case the surety has neither procured a vacation of the entry of satisfaction nor sought an appeal from the judgment, nor in any manner indicated its desire for relief therefrom. Defendant More alone moved the court for the vacation of the judgment, without moving for a vacation of the entry of satisfaction. The right of More to so proceed depends upon whether or not he is affected by the judgment. If such judgment against the surety had the effect, under any circumstances, to determine More's rights, then he could move for its vacation. (*Crossman* v. *Vivienda Water Co.,* 136 Cal. 575, [69 Pac. 220].) Section 473, Code of Civil Procedure, authorizes the court to relieve a party from a judgment or order taken against him through his mistake, inadvertence, surprise or excusable neglect, and mistake of law is comprehended therein. The question is, therefore, presented as to the effect of this judgment upon More, for if it did not purport and did not in fact adjudge any relief against him personally, or against any property belonging to him, it did not in any wise conclude or impair his previously existing rights. The judgment being void upon its face was open to collateral attack, and neither the voluntary nor coerced payment by the surety can have the effect to conclude More in any action upon his indemnity contract. His liability thereon depends upon the terms and scope of such contract, unaffected by any void adjudication upon the undertaking executed as a stay bond.

We are of opinion that, while the entry of the judgment against the surety upon an appeal bond is not a special proceeding, but is in sequence of the judgment rendered therein

against appellant, in which action against appellant the surety made itself a party to the original action and proceedings (*Hawley* v. *Gray Bros.*, 127 Cal. 562, [60 Pac. 437]), nevertheless More, while a party to the original proceeding, was not affected by this latter judgment and was neither an aggrieved party who might appeal, nor one who might procure a vacation of such judgment, unless the same was taken against him or in some manner amounted to an adjudication by which he was concluded in some right. This not being made to appear, we think it was error in the superior court to vacate this judgment upon motion of More, and the order vacating the same is reversed.

Shaw, J., and Taggart, J., concurred.