[L. A. No. 2204.   Department Two.—March 23, 1909.]

JOHN F. MORE, Appellant, v. FRANK G. CHURCHILL et al., Respondents.

SURETY ON UNDERTAKING ON APPEAL—VOLUNTARY PAYMENT OF VOID JUDGMENT—ACTION BY PRINCIPAL TO COMPEL REPAYMENT TO SURETY—MULTIPLICITY OF SUITS.—Where a void judgment is entered against a surety on an undertaking on appeal, on the *ex parte* motion of the judgment creditor, and is thereafter voluntarily paid by the surety, the principal to the undertaking on appeal, who had given the surety an undertaking to indemnify it against loss, cannot maintain an action in equity to charge the custodians of the money as trustees for the surety, and for its repayment to the surety. Such facts do not warrant the granting of equitable relief for the purpose of preventing a multiplicity of suits.

ID.—ACTION BY SURETY AGAINST PRINCIPAL.—Any defense the principal might have to an action brought by the surety to recover the amount so paid of the principal, could be heard and determined in such action.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

William G. Griffith, and R. B. Canfield, for Appellant.

Richards & Carrier, James Gooden, and H. C. Booth, for Respondents.

THE COURT.—Plaintiff for cause of action set forth the following facts: The defendant Churchill had prosecuted an action against this plaintiff for the recovery of certain personal property or its value, and had recovered judgment that he have and recover from the defendant the possession of the personal property, or its value, $1636.80, with costs of suit. This plaintiff appealed from that judgment, the undertaking upon appeal being given by the defendant, the United States Fidelity and Guaranty Company. The judgment of the lower court was affirmed upon appeal, whereupon this plaintiff made tender to defendant Churchill of the personal property, which tender was refused. Thereafter the defendant Churchill pro-

cured a judgment, upon his *ex parte* motion, to be given against
the defendant, the Fidelity and Guaranty Company, which
judgment was voluntarily satisfied by that company. This
plaintiff had given to the Fidelity and Guaranty Company an
undertaking to indemnify it against loss. He went into the
court and moved and procured the vacation of the judgment
against the Fidelity and Guaranty Company so obtained upon
motion of defendant Churchill, and upon appeal the order so
vacating the judgment was reversed by the court of appeal
of the second appellate district. (See *Churchill* v. *More,* 7
Cal. App. 767, [96 Pac. 108].) In its decision the appellate
court held that judgment to be void, but held further that, as
More was not a party to it, and that as his rights were in no
way affected by it, he could not be heard to complain of it and,
as an interloper, had no standing upon his motion to vacate it.
Following this decision, plaintiff brought this action, alleging
all of these matters and charging that the defendant, the Santa
Barbara County National Bank, had received the money paid
by the Fidelity and Guaranty Company in satisfaction of the
judgment, with full knowledge of all of these facts. The firm
of Richards and Carrier, attorneys at law, had been attorneys
for Churchill in the litigation, and they were impleaded as
having actually received the money from the Fidelity and
Guaranty Company and having paid it to the bank. For relief
plaintiff asked that such of the defendants as might be found
to have the actual custody of the money should be adjudged
to hold the money in trust for the defendant, the Fidelity and
Guaranty Company, and be directed to pay it over to this com-
pany, or whomsoever the court might find was entitled thereto.
A general demurrer to this complaint was sustained and from
the judgment which followed plaintiff appeals.

Upon the face of the pleading it is apparent, and indeed it is
not questioned but that plaintiff's endeavor is to recover on
behalf of the Fidelity and Guaranty Company, which is not
complaining, moneys which he asserts the Fidelity and Guar-
anty Company recklessly and improvidently paid out under a
void judgment. Such altruistic efforts, however commendable
in themselves, are not sanctioned by the courts, and are per-
mitted only in a limited class of cases. One of these is de-
clared by section 1559 of the Civil Code and is that where a
third party is allowed to bring suit upon a contract made ex-

pressly for his benefit. Another is where a surety may bring suit to compel his principal to fulfill the obligation for which the surety has bound himself. (Civ. Code, sec. 2846; Code Civ. Proc., sec. 1050.) Within neither of these does plaintiff bring himself. He insists, however, that he is not a mere intruder, but has a legitimate standing which a court of equity should recognize. His argument in this respect is that by this action, and only by this action, can he prevent the harassment and expense of litigation at the instance of the Fidelity and Guaranty Company against himself upon the indemnity bond which he gave that corporation. But herein plaintiff mistakes the occasion upon which equity will entertain such a suit and afford such relief. It will at times and under proper circumstances entertain one suit to prevent multitudinous litigation. It will allow plaintiff to bring many adverse claimants into court in one litigation that the rights of all may be there determined, to prevent the vexation and expense of a separate action against him by each individual claimant. But such is not this action. If plaintiff could here prevail he could equally prevail in the prospective action which he fears the Fidelity and Guaranty Company may bring against him. He has by his own averments a full and complete defense to such action if it should be brought, and he is, in effect, prosecuting an action, not to prevent a multiplicity of suits, but to prevent the possibility that he may be called upon to defend another action. In other words, he is suing to forestall and prevent a suit against himself which may never be brought, and against which, if brought, he pleads and shows that he has a full and complete legal defense. Or, from another point of view, he is asking that a judgment in favor of the defendant Churchill and against the Fidelity and Guaranty Company, which has become final and which has been satisfied, shall be set aside and the money paid by the judgment debtor to the judgment creditor be taken away from the one and restored to the other, at the request of neither. If that judgment, as he asserts, is in law void, he is not injured by it. If it be valid, then it was the duty of the Fidelity and Guaranty Company to pay it, and plaintiff has suffered no legal injury by that act.

Wherefore the judgment appealed from is affirmed.