[L. A. No. 2166.    Department Two.—March 29, 1909.]

## THE UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, v. JOHN F. MORE, Respondent.

CLAIM AND DELIVERY—JUDGMENT—CONDITION OF STAY-BOND UPON APPEAL.—When a judgment is taken in the ordinary form in an action of claim and delivery, the only stay-bond upon appeal therefrom is that prescribed in section 943 of the Code of Civil Procedure, merely requiring an undertaking on the part of the appellant with sufficient surety, "and in such amount as the court, or a judge thereof, may direct, to the effect that the appellant will obey the order of the appellate court upon the appeal."

ID.—IMPROPER INDEMNITY BOND—INSUFFICIENT COMPLAINT—CONDITION FOR JUDGMENT UPON MOTION—AMOUNT NOT FIXED—WANT OF CONSIDERATION.—An indemnity bond given by a surety company to stay execution upon appeal in an action of claim and delivery not conditioned in the form prescribed by section 943 of the Code of Civil Procedure, but conditioned under section 942 thereof, as upon a money judgment to be rendered upon motion against it, if the appellant does not pay the same within thirty days after filing the *remittitur* from the supreme court without any sum fixed by the court, is without consideration, and a complaint in an action thereon is insufficient, and a demurrer thereto was properly sustained.

ID.—ESSENTIAL REQUIREMENT OF STATUTE—AMOUNT TO BE FIXED.—It is an essential requirement of the statute in order to effectuate the stay of execution upon such an appeal that the amount of the undertaking shall be fixed by the court or by a judge thereof, and a bond not so fixed fails to effectuate a stay of execution, and is without consideration to support a promise of the surety that judgment may be taken against it upon motion.

ID.—JUDGMENT FOR RELEASE OF PROPERTY—TENDER KEPT GOOD—RELEASE FROM LIABILITY FOR ALTERNATIVE JUDGMENT—SURETY COMPANY NOT LIABLE.—Where the judgment was for the return of the property with an alternative judgment for its value, and the defendant tendered back the property and kept his tender good, he was thereby released from liability to pay an alternative judgment, and since the surety company cannot be deemed liable thereupon, it cannot under section 3778 of the Civil Code recover against the defendant, upon the terms of its bond, which does not import a right of recovery upon anything less than a legal liability which it may have incurred, and not where it has acted as a mere volunteer.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   S. F. Crow, Judge.

The facts are stated in the opinion of the court.

James Gooden, and Henley C. Booth, for Appellant.

Wm. G. Griffith, and R. B. Canfield, for Respondent.

HENSHAW, J.—By this action plaintiff seeks to recover of the defendant the sum of $1964.41, with interest, damages, and counsel fees, alleged to be due on an indemnity contract given by defendant to plaintiff in consideration of the execution by plaintiff of a stay-bond on appeal in the replevin suit of *Churchill* v. *More,* 4 Cal. App. 219, [88 Pac. 290]. For the facts of the litigation, reference may be had to *Churchill* v. *More, supra; Churchill* v. *More,* 7 Cal. App. 767, [96 Pac. 108] ; and *More* v. *Churchill, ante,* p. 368, [101 Pac. 9]. A general demurrer was sustained to plaintiff's complaint, and from the judgment which followed plaintiff appeals.

The judgment against the Surety Company in the action of *Churchill* v. *More,* was given on motion of the plaintiff Churchill without notice and was based upon the undertaking on appeal executed by the Surety Company, purporting to authorize the taking of such judgment "if the appellant does not make such payment within thirty days after the filing of the *remittitur* of the supreme court in the court from which the appeal is taken." The judgment in the case of *Churchill* v. *More* being in the ordinary form of judgment upon claim and delivery (Code Civ. Proc., sec. 667), the only bond required to stay execution upon appeal is the statutory bond prescribed by section 943 of the Code of Civil Procedure. The condition of such an undertaking is not that judgment may be taken on motion. Such requirement is exacted only of the bond prescribed by section 942 of the Code of Civil Procedure, from "a judgment or order directing the payment of money." The judgment in *Churchill* v. *More,* it is unquestioned, was not such a judgment. It was a judgment for the recovery of personal property, with the alternative of a recovery of an amount of money named as the value of that property, in the event that a recovery of the property should not be had. (Code Civ. Proc., sec. 667.) The terms and conditions of an undertaking to stay execution upon appeal

from such a judgment are, of course, those prescribed by section 943,—namely, that an undertaking be entered into on the part of the appellant, with sufficient surety, "and in such amount as the court or a judge thereof may direct, to the effect that the appellant will obey the order of the appellate court upon the appeal."

In support of the judgment here appealed from, respondent urges two propositions, both of which we think are sound and fully support the judgment:   1. The amount of the undertaking in this case was not fixed by the court or by a judge thereof.   This is a requirement of the statute and is essential to the efficacy of the undertaking for the single purpose for which it is given,—namely, the staying of execution; for if the requirement that the amount be fixed by the court be considered non-essential, it would necessarily follow that, regardless of the value of the property involved or its liability to depreciation in value pending appeal, a bond in any amount which the appellant might elect to give would be sufficient. As the amount of the undertaking was therefore not fixed by the court, the undertaking itself failed to effectuate a stay of execution proceedings, and from this point of view there was no consideration whatsoever to support the surety's promise that judgment might be taken against it on motion.

Again, assuming for the purposes of the present discussion that the undertaking did effectually secure a stay of proceedings, it has been pointed out that when the undertaking bound the surety, as it did, to hold itself responsible for the obedience by the appellant of such order as the appellate court might render upon the appeal, it complied fully with the statutory requirement.   In obligating itself in the penal sum named to secure obedience by the appellant of any order made upon appeal, the surety did all that the law required. No consideration moved to it or to any other person, for the added covenant that the surety would permit judgment to be taken against it on motion.   The bond was given on behalf of More; he was not a party to it; the added condition was not one which Churchill had the right to insist upon or exact, and was manifestly not to the benefit of the surety's principal. To the contrary, it was greatly to his injury, as, if enforced, it would permit against him, and against his protest, the conversion of a judgment for the delivery of personal property

into a judgment for the direct payment of money. The records of the former appeals may be drawn upon in illustration of this fact. The judgment was for the return of certain personal property. Upon the going down of the *remittitur,* the appellant in *Churchill* v. *More* (respondent here) contends that he made good and sufficient tender of the personal property, and if he did he was of course released from the liability of any enforcement of the alternative money judgment. Yet, without his knowledge and against his consent, his judgment creditor obtains, upon *ex parte* application a judgment against his surety for the full amount; it is satisfied by the surety, who in turn seeks to enforce the collection against the judgment debtor, who all the time is contending, and still contends, that he had made tender in due form of the personal property, and who protests that while having kept the tender alive and thus having exonerated himself from any liability, he should not be called upon to pay a money judgment. We have not overlooked the authorities cited respectively by appellant and respondent, but we do not consider a review of them necessary or profitable upon a proposition so plain.

Appellant further contends that, even if the judgment rendered against it on motion, to which it submitted and which it paid, is void, nevertheless, under the contract of indemnity given to it by respondent, it is entitled to a recovery. The language of the indemnity contract is "to indemnify and keep the said Guaranty Company indemnified from and against any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature which said Guaranty Company shall or may, for any cause, at any time, sustain or incur or be put to for or by reason or in consequence of said Guaranty Company's having executed said bond." Clearly, this language does not import a right of recovery upon the part of a surety company for anything less than a legal liability which it may have incurred. Section 2778 of the Civil Code furnishes the rule for interpreting such a contract: "Upon an indemnity against liability, expressly, or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable." Here, as has been said, the Surety Company had not become liable and was a mere volunteer.

The judgment appealed from is therefore affirmed.

Melvin, J., and Angellotti, J., concurred.

Hearing in Bank denied.