[L. A. No. 3968.   In Bank.—November 1, 1916.]

## J. W. JAMESON et al., Respondents, v. CHANSLOR-CANFIELD MIDWAY OIL COMPANY (a Corporation), Appellant.

APPEAL—JUDGMENT FOR POSSESSION OF LAND—STAY OF EXECUTION—POWER OF SUPREME COURT TO REQUIRE ADDITIONAL SECURITY.—Where an undertaking in the amount fixed by the judge of the trial court, with sureties adequate to the full amount specified therein, has been given in pursuance of section 945 of the Code of Civil Procedure, to stay execution pending appeal from a judgment directing the delivery of possession of land, the supreme court has no inherent or statutory power to require further security as a condition to the maintenance of the stay of execution of the judgment.

APPLICATION to the Supreme Court for further security to be given by the appellant to stay execution pending appeal from a judgment of the Superior Court of Kern County. J. E. Prewett, Judge presiding.

The facts are stated in the opinion of the court.

E. W. Camp, Oscar Sutro, M. W. Reed, and U. T. Clotfelter, for Appellant.

Waters & Goodcell, James F. Farraher, and Heney, Farraher & Johnson, for Respondents.

ANGELLOTTI, C. J.—Respondents obtained a judgment against the defendant in the superior court adjudging them to be the owners and entitled to the possession of an undivided three-fourths of certain lands, and substantially directing that possession thereof be delivered to them. Defendant appealed to this court from such judgment, and the appeal is now pending herein. Desiring to stay execution of the judgment pending appeal defendant sought in the trial court an order fixing the amount of the necessary undertaking, and, according to the affidavit of respondents filed in this application, "said superior court, upon due proceedings had, thereupon made an order fixing the amount of the undertaking to be given to stay such execution in the sum of $500,000, and thereupon said defendant gave such under-

taking in said sum; and execution of said judgment has been and is thereby stayed.'' Respondents now seek from this court an order requiring appellant to give a further and additional undertaking in an amount to be fixed by us as a condition to the further maintenance of the stay.

The claim is not that a surety or sureties on the undertaking already given has or have become insufficient, or that such undertaking is inadequate as security to the full amount specified therein, a matter as to which relief could be obtained in the court from which the appeal was taken (Code Civ. Proc., sec. 954), but that such undertaking is in amount insufficient to protect them in the event of the affirmance of the judgment, a matter as to which relief cannot now be obtained from the lower court. It appears from such affidavit that the land consists of numerous mining claims valuable chiefly for deposits of petroleum therein, and that defendant for years prior to and ever since the entry of the judgment has been operating on the same for the production of petroleum therefrom, and has been extracting large quantities of petroleum therefrom. It is claimed that the interest of respondents in the petroleum so extracted already far exceeds in value the amount specified in said undertaking.

It is contended by appellant that, under such circumstances, this court has no power to require further security as a condition to the maintenance of the stay of execution of the judgment. In view of our statutory provisions relative to the matter, we are satisfied that the claim of appellant in this regard is well founded.

By certain sections of our Code of Civil Procedure (secs. 942, 943, 944 and 945), it is provided that judgments or orders in various specified cases cannot be stayed by an appeal except by the giving of a stay undertaking, or the deposit with a specified officer of documents or personal property ordered assigned or delivered, or the execution and delivery to the clerk of the court of a conveyance or other instrument directed to be executed. This case, the judgment being one directing the delivery of the possession of real property, comes within the provisions of section 945, which provides that the execution of such a judgment cannot be stayed ''unless a written undertaking be executed on the part of the appellant . . . to the effect that during the possession of such property by the appellant, he will not commit, or

suffer to be committed, any waste thereon, and that if the judgment be affirmed, or the appeal dismissed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery or possession thereof, pursuant to the judgment or order, *not exceeding a sum to be fixed by the judge of the court by which the judgment was, rendered or order made,* and which must be specified in the undertaking.'' By section 946 of the Code of Civil Procedure it is provided that ''whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein.'' Provision is made that the sureties may be required to justify before a judge of the court below on proper notice, and that unless they so justify when required, execution of the judgment or order is no longer stayed (Code Civ. Proc., sec. 948) ; and also that the judge of the court from which the appeal is taken may require a new bond as a condition to the maintenance of the stay whenever it is made to appear ''that a surety or sureties upon an appeal bond from any cause has or have become insufficient, and the bond or undertaking inadequate as security for the payment of the judgment appealed from, or that the bond has been lost or destroyed.'' (Code Civ. Proc., sec. 954; *Mersfelder* v. *Spring,* 136 Cal. 619, [69 Pac. 251].) The only way in which a judgment can be legally enforced under our law is through the process of the court by which the judgment is given. It thus appears that in such a case as the one before us the law expressly declares that the execution of the judgment shall be permanently stayed pending appeal upon the giving of the undertaking prescribed by section 945, that is, an undertaking *''in such sum as may be fixed by the judge of the court by which the judgment was rendered or order made,''* except only when there is a failure of sureties to justify as required by section 948, or an order made by such judge for a new bond under the circumstances specified in section 954. There is no room for doubt, in view of the language of the statutory provision, that it was the intention of the legislature to provide for a permanent stay pending appeal upon the giving of *such* an undertaking. The judge of the court by which the judgment was given or order made was finally to fix the amount of the undertaking, such amount

as *in his judgment* would secure the respondent against waste and loss of the value of the use and occupation of the property. His order in this respect was to be an adjudication as to the amount of security to be given to effect a permanent stay pending appeal, described in *Doudell* v. *Shoo,* 158 Cal. 50, [109 Pac. 615], as "the statutory stay of proceedings." The law declares, in substance, that when the security so required is once given, the status in so far as the matter of stay pending appeal is concerned, is irrevocably settled, save as it may be affected by proceedings in the trial court under section 943 or section 954. The fact that the legislature has made provision in section 954 for the requirement by the lower court of a new bond when a surety or sureties become insufficient, or the original bond is lost or destroyed, but emphasizes what the language of sections 945 and 946, already referred to, clearly shows in this regard. It is to be doubted whether the order of the judge fixing the amount of such undertaking is appealable. If it be conceded, as claimed by respondents, that it is not appealable, we simply have a case where the legislature has designated that officer as a tribunal to determine that question, and has provided no mode by which his conclusion may be reviewed, thus making his decision conclusive, precisely the situation that has been held to exist with relation to the justification of the sureties when excepted to under section 948. (See *Boyer* v. *Superior Court,* 110 Cal. 401, [42 Pac. 892] ; *Kreling* v. *Kreling,* 116 Cal. 458, [48 Pac. 383].) Certainly there is no authority in this court to review the action of the judge in such a proceeding as the one before us.

What then is the situation here? We have an appeal from a judgment as to which the law provides that, by virtue of what has been done, the giving of a proper undertaking in an amount fixed by the judge, there shall be a stay of execution *pending the determination of the appeal.* We are asked to make an order requiring further security of the applicant as a condition to the maintenance of the stay which has already been given by the law. This is asked upon the ground that the amount fixed by the judge as the amount of the undertaking is not sufficient to completely protect respondents in the event of affirmance. Admitting that there is no statutory authority for such action on the part of this court, it is urged that the court has the inherent power to so protect

a respondent from loss by reason of the appeal. Learned counsel say that "there is no statutory denial of such power," and that a court's inherent power can sometimes be invoked in cases for which the legislature has failed to make provision. We are clearly of the opinion that in the provisions of law we have already referred to there is a statutory denial of any such power. Those provisions in effect practically say that upon the giving of the undertaking in the amount prescribed by the judge of the lower court the execution of the judgment shall be stayed until the determination of the appeal, save in the instances specified in sections 948 and 954 of the Code of Civil Procedure. The statute so providing, we necessarily have a "statutory denial of power" as to any tribunal to affect the stay given by the law. The situation in this regard is the same as in the cases covered by section 949 of the Code of Civil Procedure, in which no bond is essential to stay the judgment, but as to which it is provided that the mere "perfecting of an appeal . . . stays proceedings in the court below upon the judgment or order appealed from," thus expressly commanding a stay pending appeal, and completely denying power in any court to order otherwise. Has an appellate court inherent power, under such circumstances, to require an appellant to give such security as it deems necessary to the protection of a respondent, as a condition to a maintenance of the stay thus given by the law? Over and over again this court, as to cases so covered by section 949, has regarded the statute as entirely settling the matter of stay, and granted *supersedeas* without requiring security, solely because the law gave that effect to the appeal, entirely regardless of the question whether respondent might suffer injury by reason of the stay. The same is true as to cases covered, as is this, by section 945 (see *Boyer* v. *Superior Court,* 110 Cal. 401, [42 Pac. 892] ; *Kreling* v. *Kreling,* 116 Cal. 458, [48 Pac. 383]), cases in which the legislature has provided for *security in an amount to be fixed by a designated tribunal, viz., the judge of the court by which the judgment was given or order made.* No decision of this court has been cited that can be held to sustain the proposition that where the statutes fully cover such a matter as the one here involved, an appellate court has inherent power to make provision contrary to the statute. The whole course of our decisions is opposed to any such view, and we do not under-

stand learned counsel for respondents to contend to the contrary, their theory being that the matter is not one which is in fact covered by the statute. The controlling effect of the statute in such a matter was clearly recognized by this court in such cases as *Cluness* v. *Bowen,* 135 Cal. 660, [67 Pac. 1048]. In that case it was said that the restriction of section 1176 of the Code of Civil Procedure "takes the case at bar out of the rule declared in *Hill* v. *Finnigan,* 54 Cal. 493, as applicable to ordinary civil cases with respect to which there is no such restriction."

We are satisfied that it must be held that the matter as to which relief is sought from us is one fully regulated by statute in this state, and that in view of our statutory provisions we have no right to require additional security as a condition to the maintenance of a further stay of execution of judgment.

The application is denied.

Shaw, J., Sloss, J., Melvin, J., Lorigan, J., and Lawlor, J., concurred.