[Civ. No. 11158. Second Appellate District, Division Two.—December 9, 1936.]

LANE MORTGAGE CO. (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

C. H. Scharnikow for Petitioners.

Everett W. Mattoon, County Counsel, D. De Coster, Chief Deputy County Counsel, and Meserve, Mumper, Hughes & Robertson for Respondents.

McCOMB, J., *pro tem.*—This is a petition for a writ of mandate requiring respondent to accept as sufficient to stay execution an undertaking on appeal. A demurrer has been filed to the petition.

The material facts alleged in the petition are:

That a judgment in the sum of $12,718.49 was rendered by the superior court against the petitioners, from which they appealed. Thereafter an undertaking on appeal

executed by Maude E. Lane and E. J. Cook in double the amount of the judgment was filed. An exception was taken to the sufficiency of the sureties. Respondents after a hearing refused to accept E. J. Cook as a sufficient surety, since all of his assets were held in joint tenancy with his wife, who had not executed the bond.

This is the sole question for us to determine:

*Is a surety on an undertaking on appeal insufficient if all his assets are held in joint tenancy with his spouse who does not execute the bond?*

The sufficiency of a surety on an undertaking on appeal is a matter lying in the sound discretion of the trial court in view of all of the circumstances presented. (*Jameson* v. *Chanslor-Canfield etc. Oil Co.*, 173 Cal. 612, 615 [160 Pac. 1066].)

Circumstances may be such that a surety whose assets are all held in joint tenancy would be sufficient on an undertaking on appeal, while under other conditions a surety, all of whose assets are held in joint tenancy, would be insufficient. For example, assume a surety twenty-five years of age, in good health, engaged in a nonhazardous occupation, owning in joint tenancy assets of a clear value of $100,000, executing an undertaking on appeal in the sum of $500. Clearly such a surety would be acceptable; while, if we assume a surety of ninety years of age, in ill health, engaged in an extrahazardous occupation, all of whose assets of the value of $100,000 are held in joint tenancy, executing an undertaking on appeal in the amount of $90,000, it is equally plain that it would not be an abuse of discretion for the trial court to decline to accept the surety as sufficient.

In the instant case there is not presented to this court the various circumstances as to the age, condition of health, occupation, etc., of the surety, Mr. Cook. Therefore, since this court will not presume error in the trial court, we cannot say there was an abuse of its discretion in holding the surety insufficient.

For the foregoing reasons the demurrer to the petition is sustained and the writ is denied.

Crail, P. J., and Wood, J., concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 1, 1937.